LEADINGHAM, Appellee,

v.

LEADINGHAM, Appellant.

[Cite as *Leadingham v. Leadingham* (1997), 120 Ohio App.3d 496.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96–10–110.

Decided June 9, 1997.

*Fowler & Cole* and *Thomas T. Cole,* for appellee.

*Ruppert, Bronson, Chicarelli & Smith Co., L.P.A.,* and *Michael J. D'Amico,* for appellant.

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Charles David Leadingham, appeals the September 25, 1996 divorce decree awarded to plaintiff-appellee, Mary Margaret Leadingham. Appellant complains that the Warren County Court of Common Pleas, Domestic Relations Division, abused its discretion in dividing the parties' pension benefits.

The parties were married on June 11, 1977, and have no children. They separated in August 1994, and on July 27, 1995, appellee filed for divorce. On November 2, 1995, the trial court held a final hearing on several issues, including division of the parties' pension benefits.

At the time of the hearing, appellee had a vested pension through the Ohio State Teachers' Retirement System; the marital portion of that pension had a present value of about $181,161. Appellant had a pension with the General Motors Corporation with a present value of $18,492. General Motors fired appellant in 1991 after he was convicted of possession of cocaine. Had appellant continued working for General Motors through the date of the hearing, the present value of his pension would have been about $160,054. At the time of the hearing, appellant also had Social Security retirement benefits with a present value of $31,852.

The trial court addressed the pension issue in a June 17, 1996 decision. The trial court found that appellant's misconduct resulting in his conviction was the only reason he would not collect full pension benefits from General Motors. The trial court recognized that appellant had a degenerative eye disease, and the court noted that by the time he was fired appellant's vision had degenerated to the point that he could no longer drive. The trial court was not convinced, however, that General Motors would have discharged appellant because of his eye condition. The trial court held that "[i]n order to prevent [appellant] from profiting by his own misconduct" the parties would keep their respective pension rights.

On appeal, appellant complains that the trial court erred in not dividing the parties' total pension benefits equally. Under his first assignment of error, he contends that "the trial court abused its discretion by imputing several years of future employment where appellant's employment status was in question due to disability." Under his second assignment of error, appellant argues that the trial court's allocation of the pension benefits was improper because "appellant undertook no financial misconduct or otherwise intentionally diminished the value of a marital asset."

■■■ Vested pension plans accumulated during a marriage are marital assets that a trial court must consider to arrive at an equitable property division. *Bisker v. Bisker* (1994), 69 Ohio St.3d 608, 609, 635 N.E.2d 308, 309. A trial court, however, must divide marital property equitably, not necessarily equally. R.C. 3105.171(C)(1). Since every divorce or dissolution presents different facts and circumstances, a trial court has wide latitude in dividing marital property, and the trial court's judgment will not be disturbed absent an abuse of discretion. See *Teeter v. Teeter* (1985), 18 Ohio St.3d 76, 18 OBR 106, 479 N.E.2d 890.

■ Appellant argues under his first assignment of error that the trial court should not have "imputed several years of employment with General Motors" in dividing the parties' total pension benefits. Appellant points out that he has received Social Security disability payments based on his eye condition since he was fired. He speculates that General Motors might have terminated him anyway because of his eye condition. There is no question, however, that General Motors fired appellant because of his drug conviction. Moreover, appellant testified that his supervisors at General Motors were aware of his eye condition and had reassigned him to accommodate that condition. Appellant also testified that his eye condition had not degenerated since he had been fired.

The trial court reasonably could have concluded from the evidence that appellant would have continued working for General Motors if he had not been convicted of a drug offense. In equitably dividing the parties' pensions, the trial court had the discretion to consider the impact of appellant's misconduct on the present value of his pension. Appellant's first assignment of error is overruled.

■ Appellant complains under his second assignment of error that there was no evidence that, by getting convicted of possession of cocaine and subsequently fired, he participated in "financial misconduct or otherwise intentionally diminished the value of a marital asset." The trial court's discretion in establishing an equitable division of marital property, however, is not limited to circumstances where the spouse has committed financial misconduct. Appellant may not have intended to lose his job and the chance to accrue full pension benefits, but his misconduct was intentional, voluntary, and foreseeably led to that result. The trial court acted within its discretion to consider the consequences of appellant's drug conviction in equitably dividing the parties' total pension benefits.

Appellant suggests that appellee ratified his misconduct by not seeking a divorce sooner. The court was free to consider this argument, but the fact that appellee did not immediately seek a divorce after appellant's conviction and loss of his job did not preclude the trial court from considering the impact of appellant's misconduct on the parties' total pension benefits.

■ Appellant also suggests that the trial court improperly considered his Social Security benefits in dividing the parties' total pension benefits. Appellee, however, does not participate in the Social Security system, and the trial court properly considered appellant's Social Security benefits in equitably allocating the parties' total pension benefits. See *Eickelberger v. Eickelberger* (1994), 93 Ohio App.3d 221, 638 N.E.2d 130.

Based upon the foregoing, appellant's second assignment of error is overruled.

*Judgment affirmed.*

POWELL, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

I do not believe the law permits an imputed value to a pension plan based upon speculation. Such imputed value when it is used to divide marital assets can only result in an inequitable division of the parties' property as it exists at the time of the division.

Further, if "financial misconduct" or otherwise "intentionally diminishing the value of a marital asset" may be considered by the court in making an equitable division of property, the act must be direct and not inferentially related to the asset.