JOURNAL ENTRY AND OPINION
Appellant, Lenza McElrath, is appealing the trial court's judgment entry of divorce dated August 7, 1998. For the following reasons, we affirm in part and reverse in part.
The parties were married in 1976, and had two children, Lenza (d.o.b. 4-16-79) and Michael (d.o.b. 2-18-83).
Appellee, Dorothy McElrath, filed a complaint for divorce in November, 1991. She prayed for child support. Defendant did not file an answer.
The trial court entered a judgment entry of divorce on April 22, 1991. Appellee was awarded custody of the children, and appellant was given standard visitation. Appellant's obligation to pay child support was held in abeyance until further order of the court. The defendant was awarded a 1983 Volvo, 1984 Volvo, IRA and other accounts in his name, some household furnishings and the Ansel Road property. All the other assets were awarded to the plaintiff. The plaintiff received 85% of the property and defendant received 15%. No spousal support was ordered.
Appellant filed a Civ.R. 60 (B) motion for relief from judgment on August 11, 1995. Appellant asserted he did not receive proper service of the complaint for divorce. On 9-27-95, appellee moved to modify the judgment entry to require appellant to pay child support from April 22, 1991. The motion for relief from judgment was granted. The parties entered into an agreed judgment entry of divorce on May 22, 1997, reserving property and support issues.
The testimony at trial was as follows: Appellant, an attorney, lost his $67,000/year job in 1988. He received two job offers for $100,000 but essentially did not take either of them. Starting in 1988 and continuing until 1992, appellant was addicted to drugs and alcohol. Appellant dissipated $38,000 in marital assets. He made little, if any, income until 1995.
In 1995, appellant started working and made $7,000 per year. In August 1996, he obtained employment at Dougherty Motors for $40,000. His salary increased to $55,000 and then to $100,000 in March, 1998.
Appellee was employed as a doctor. Her salary was $100,000 per year.
Both parties relied on the divorce entry of 1991, and remarried. Appellant had two children by his second marriage.
The trial court excluded the testimony of Attorney Glenn Billington because the trial court had already ruled upon the Civ.R. 60 (B) motion. Billington's testimony was proffered. He testified that he represented Dorothy in the 1991 divorce case. Billington spoke with Lenza McElrath on February 11, 1991 about the divorce case. Mr. McElrath consented to the terms of that divorce.
Appellant testified that, a few days after the 1991 divorce, he went to the marital home and discovered that the locks had been changed. Appellee informed him that they were divorced. Appellant did not return to the marital home after this time.
Mrs. Henderson, a real estate agent, testified that in April, 1991, the marital home should have been listed at $250,000 or $280,000. Henderson felt the house was worth $200,000. Appellee performed over $30,000 of home repairs between April and July, 1991. Appellee asserted that appellant caused substantial damage to the house. Appellee testified that in July of 1991, three months after the original divorce, the house was appraised at $300,000. The house was appraised at $385,550 in 1998. The court valued the house at $250,000, less the mortgage in April, 1991 of $138,000.
Appellant testified that the Ansel Road property had a value of $10,000 in 1991, less the mortgage of $6,000. Appellee believed the house was worth $20,000 in 1991, because it was insured for that amount. The parties purchased the property in 1978 for $12,500. The property produced income of $650 per month. The trial court found the value of the property was $15,000, less the mortgage of $6,000.
Appellant agreed that appellee should keep money from him, so he would not spend it on drugs. Appellee transferred money between accounts in order to keep the money from appellant.
The trial court found that the division of assets made in 1991 would remain the division of assets. Appellant was awarded 15% of the assets based on the facts known to the court in 1991. The court in 1991 could not have anticipated that appellant would have gotten off drugs and turned his life around. The award was based upon the children's need to live in the marital home, the fact that appellee was going to be the sole support for the children, and that appellant would spend the money on drugs.
The trial court ordered appellant to pay child support of $50 per month from April, 1991. Appellant was ordered to pay child support from August of 1996, based on his income.
The trial court found that appellant was entitled to spousal support from April, 1991 until March 31, 1994 of $1,000 per month.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS DIVISION OF PROPERTY.
A reviewing court can only reverse a property division upon a showing that the trial court abused its discretion. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Abuse of discretion occurs when the decision of the trial court is unreasonable, unconscionable or arbitrary. Id.
Appellant asserts that the trial court erred in selecting April 22, 1991 as the de facto termination date of the marriage. If the court feels use of the date of the final hearing would be inequitable,
. . . the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, `during the marriage' means the period of time between those dates selected and specified by the court. (Emphasis added.)
R.C. 3105.171 (A) (2); see also Berish v. Berish (1982),69 Ohio St.2d 318. The court's decision to use ade facto termination date for the marriage is subject to an abuse of discretion standard of review. Gullia v. Gullia
(1994), 93 Ohio App.3d 653, 666; Stafinsky v.Stafinsky (1996), 116 Ohio App.3d 781, 785.
The trial court did not abuse its discretion in finding that the date of de facto termination was April 22, 1991. After this date, appellant did not return to the marital home and the parties lived separate and apart. See Gullia, supra. Appellant asserts that appellee held marital property in trust for him after April 22, 1991. There was no evidence that appellee agreed to do so after April 22, 1991.
Appellant asserts that while appellee's contributions to assets after April 22, 1991 are not marital property, the appreciation on the property until 1997 should be a marital asset. Marital property is all property acquired by the spouses "during the marriage," except separate property. R.C. 3105.171 (A) (3). The appreciation on an asset awarded to a party, which accrues after the de facto termination of the marriage, is separate property if the other party made no contributions to the value of the property after the de facto termination of the marriage. See R.C.3105.171 (A); Abu-Nada v. Abu-Nada (March 15, 1999), Clermont App. No. CA98-07-054, unreported. The court correctly found that the value of the property was the value during the marriage, not including the appreciation after April 22, 1991.
Appellant also contends that the trial court erred in dividing the property according to the circumstances which existed in 1991, not the parties' present circumstances. R.C. 3105.171 (A) (2) refers to "dates equitable in determining marital property" not just in valuating property.
 The circumstances of a particular case may make a date prior to trial more equitable for the recognition, determination and valuation of relative equities in marital assets.
(Emphasis added.) Berish v. Berish (1982), 69 Ohio St.2d 318,320. A de facto termination date may be appropriate not only for determining the value of assets, but also for determining how to divide the assets.
It was not unreasonable, unconscionable or arbitrary for the trial court to consider the facts at the time of de facto
termination in making the property division. While appellant was not served, there was evidence he knew about the divorce, at least a few days after it happened. He did not file a motion for relief from judgment until over four years later. While appellant should be permitted to present his defenses in the divorce action, he should not get a windfall from the failure of service and his own delay in vacating the prior order. Appellant asserts that the court granted his Civ.R. 60 (B) motion, so the timeliness of his Civ.R. 60 (B) motion is res judicata. The magistrate's report states that the delay in filing the Civ.R. 60 (B) motion was not considered because the timely filing requirements do not apply when there is lack of service. See RiteRug Co. v. Wilson (1995), 106 Ohio App.3d 59, 62.
Additionally, the property division was based on other factors. Appellee was awarded more property because she was the sole support and caretaker of the children from 1988 to 1995, and because appellant dissipated assets. Subsequent to April 22, 1991, appellee had to spend some of the assets in order to keep the children living in the manner to which they had become accustomed.
Appellant also contends that the trial court incorrectly determined the value of the marital residence. There was competent, credible evidence to support the trial court's finding that the house was worth $250,000 on April 22, 1991. See C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279;Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80. There was also competent, credible evidence upon which the trial court based its valuation of the Ansel Road property.
Finally, appellant contends that the award of only 15% of assets to him was an abuse of discretion. R.C. 3105.171 (C) (1) provides that the property division shall be equal unless equity demands otherwise. Appellant contends drug addiction is not a valid reason to award him less property, because it discriminates against him for having a handicap. The award was made because appellant had dissipated assets in the past, and he was likely to dissipate the assets in the future. The award was based on appellant's past conduct of dissipating assets, not his status as a drug addicted person. See e.g. Hayes v. Cleveland PneumaticCo., (1993), 92 Ohio App.3d 36; Cleveland Civil Service Com'n v.Ohio Civil Rights Com'n (1991), 57 Ohio St.3d 62; Hazlett v.Martin Chevrolet, Inc. (1986), 25 Ohio St.3d 279.
An unequal division of property can be based upon financial misconduct. R.C. 3105.171 (E) (3); Leadingham v. Leadingham
(1997), 120 Ohio App.3d 496, 499. The dissipation of assets for a drug habit is financial misconduct. See Gray v. Gray (June 30, 1995), Ottawa App. No. OT-94-040, unreported. The trial court could also justify its decision to award appellee more property because appellee had custody of children. See de Levie v. deLevie (1993), 86 Ohio App.3d 531.
The trial court did not abuse its discretion in dividing the marital property.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS AWARD OF CHILD SUPPORT.
A child support order can only be modified from the time a motion to modify is filed, and not before. See Meyer v. Meyer
(1985), 17 Ohio St.3d 222, Hamilton v. Hamilton (1995), 107 Ohio App.3d 132,139; R.C. 3113.21 (M). In this case, the judgment entry dated April 22, 1991 was declared void when the trial court granted appellant's Civ.R. 60 (B) motion. The trial court's journal entry in 1998 was not a modification of any 1991 child support order, because any such orders were void. See Osborne v.Osborne (1992) 81 Ohio App.3d 666. Additionally, in the 1991 judgment entry, the award of child support was held in abeyance. Appellant asserts that the amount of child support should be limited to the $50 per child minimum through April 22, 1998. See R.C. 3113.215 (B) (7) (a). Appellant's income increased starting in August, so the court could award more than the minimum amount of support.
The trial court's journal entry at paragraph 55 is in error. This paragraph states that appellant's current child support obligation is $802.88 per month, and $818.93 including poundage. The child support worksheets computed the child support obligation as $787.14 per month and $802.88 including poundage. The journal entry must be reversed to correct this error.
Appellant claims the trial court failed to account for appellant's children by his second marriage. The child support worksheets account for these children.
Appellant contends that the trial court should have included $12,000 per year rental income in appellee's income. Appellee receives $1,000 per month from her uncle who is renting the carriage house. Appellee's expenses in taking care of her uncle exceeded the rental income. The trial court did not err in failing to include rental income for child support computations.
The trial court's award of child support must be reversed to correct the error in the journal entry noted above. Otherwise, the trial court did not err in the award of child support.
Accordingly, this assignment of error is sustained in part and overruled in part.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT MADE FINDINGS OF FACT AND CONCLUSIONS OF LAW WHICH WERE INCONSISTENT WITH THE EVIDENCE AND THE LAW.
Appellant contends the trial court's finding that appellee was a crack cocaine addict in 1991 was in error because the trial court relied on the testimony in the 1991 uncontested divorce hearing. There was ample evidence in the 1998 hearing to support this finding.
Appellant asserts that the trial court erred in finding appellee's testimony credible. He claims that her testimony was not credible in regard to (1) appellee's statements that appellant was not the children's primary caregiver from 1988 to 1991; and (2) appellee's testimony that appellant caused damage to the home. Appellee did not list all of the marital assets in 1991 on an affidavit made in 1997. Appellee delayed in producing documents. Appellee testified that in 1991 she shifted $70,000 from her account to her son's account, because of the interest rate. She also said she believed the $70,000 was for the children, and she was confused about the concept of marital assets. The trial court found that appellee shifted the assets in order to prevent appellant from using them for drugs. The court found that appellee completely disclosed the assets, although not in a timely manner. We cannot say that the trial court erred in finding appellee credible. The determination of credibility is primarily for the trier of fact. See State v. DeHass (1967),10 Ohio St.2d 230.
Appellant asserts that the trial court erred in finding that appellee transferred the $70,000 to the children's account shortly before the divorce was filed in order to prevent appellant from dissipating the funds. Appellant notes that in April, 1991 he was not living in the marital home. Appellant could still attempt to dissipate funds, even though he was not living in the marital home.
The trial court found that "even though the divorce was vacated based on improper service that Mr. McElrath knew what was going on and had deliberately agreed to strip himself of all assets in order to protect his family". Appellant admitted he knew about the divorce at least a few days after April 22, 1991. There was evidence that appellant agreed that appellee should hold onto the money. This finding was not erroneous.
The trial court did not err in failing to consider the credit card and other debts of appellant. Appellant did not prove that these debts were accumulated during the marriage.
The trial court ordered that health insurance be provided for both children. The court noted that Lenza III is no longer a minor, but he is a full-time college student and health insurance could be provided at no additional cost. The parties have no duty to support an emancipated child. See R.C. 3109.01, 3103.03. The order to provide health insurance coverage for Lenza III must be reversed.
The other errors in the findings of fact claimed by appellant are reiterations of claims made in assignments of error I and II. These arguments have already been addressed in this opinion.
Accordingly, this assignment of error is sustained as to the order to provide health insurance for Lenza III and otherwise is overruled.
The decision of the trial court is reversed to correct the error in the amount of the child support payment. The order to provide health insurance for Lenza III is reversed. Otherwise, the decision of the trial court is affirmed.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY J., CONCURS, O'DONNELL, J. DISSENTS (SEE ATTACHEDDISSENTING OPINION).
 ___________________________________ ANN DYKE PRESIDING JUDGE
 DISSENTING OPINION