OPINION
The appellant, Dr. Narenda Gupta ("appellant"), appeals the decision of the Allen County Court of Common Pleas, which granted the parties a divorce and set forth a property settlement. The appellant contends the trial court's findings were an abuse of discretion. For the following reasons, we affirm in part and reverse in part the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. The appellant and Meena Gupta ("appellee") were married on December 7, 1977 in Partna, India. Two children were born as issue of this marriage. After the parties married, the appellant completed medical school and moved to England to complete his residency program. In 1983, the Guptas moved to Edmonton, Canada and resided there for ten years. In 1993, the Guptas moved to Lima, Ohio where the appellant joined a local medical practice. The appellee has a Bachelor's of Arts in psychology, but she has never worked during the course of the marriage.
On April 7 and 8, 1999, a trial was held in this matter. The parties presented a written stipulation governing the children's assets and a limited amount of the marital assets to the trial court. The stipulation was incorporated into the trial decision issued by the court on November 17, 1999. On December 9, 1999, the court filed a supplement to the decision in order to provide clarity regarding the temporary orders and the orders contained in the decision. On December 29, 1999, the trial court filed a judgment entry of divorce. It is from the judgment that the appellant now appeals, asserting four assignments of error.
Assignment of Error No. 1
 The trial court abused its discretion and erred as a matter of law by finding that Dr. Gupta engaged in dissipation of marital assets.
The appellant contends that the trial court erred in finding that he had committed financial misconduct. Specifically, he argues that his actions did not constitute an intentional deprivation of marital assets. For the following reasons, we agree.
When making a property award in a divorce action, a trial court has broad discretion. Berish v. Berish (1982), 69 Ohio St.2d 318,319. Thus, a trial court's determination in such cases will be upheld absent an abuse of discretion. Huener v. Huener (1996),110 Ohio App.3d 322, Martin v. Martin (1985), 18 Ohio St.3d 292,294. When reviewing such discretion, an appellate court must ascertain whether the disposition, as a whole, was an abuse of discretion. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. 219.
In the Fall of 1996, the appellant was accused of sexual harassment by two female nurses. As a result of these allegations, a peer review was held which resulted in the appellant losing his privilege to practice medicine at both St. Rita's Hospital and Lima Memorial Hospital. This process required the appellant to obtain legal counsel and participate in a treatment program. The total cost of these expenditures was $62,279.00. The appellee contends that the inappropriate behavior of the appellant constituted financial misconduct and therefore, she is entitled to a distributive award. The trial court agreed with the appellee and awarded her $62,279.00.
The Ohio Revised Code permits the court to consider several factors when dividing marital assets. R.C. 3105.171(C)(1) mandates that a trial court make an equal distribution of marital property unless the division would be inequitable. In such an instance, the court must make an equitable division. Huener,110 Ohio App.3d 322, 324. R. C. 3105.171(E)(3) provides:
 If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
In this case, the trial court ruled that the appellant set in motion a series of events that eventually led to him being required to expend over $60,000. The court relied on a decision rendered by the Twelfth Appellate District inLeadingham v. Leadingham (1997), 120 Ohio App.3d 496, as support for this contention. In Leadingham, the court found that the husband had committed financial misconduct by losing his job due to a charge of drug possession. The court held that while the husband may not have intended to lose his job, his conduct was intentional, voluntary and foreseeably led to that result.
In Hammond v. Brown (Sept. 14, 1995), Cuyahoga App. No. 67268, unreported, the Eighth District Court of Appeals stated the following concerning financial misconduct.
 An implicit element of financial misconduct is wrongdoing. Thus, while R.C. 3105.171(E)(3) does not set forth an extensive listing of acts constituting financial misconduct, those acts that are listed (dissipation, destruction, concealment or fraudulent disposition) all contain some element of wrongful scienter. Typically, the offending spouse will either profit from the misconduct or intentionally defeat the other spouse's distribution of marital assets.
The court further held that because financial misconduct involves some element of profit or interference with another's property rights, the time frame in which the alleged misconduct occurs may often demonstrate wrongful scienter. Id. For example, diminution of the marital estate during pendency of the divorce action might create an inference of misconduct.Id., see e.g., Spychalski v. Spychalski (1992), 80 Ohio App.3d 10
(dissipation of wrongful death settlement obtained while the parties divorce complaint was pending); Hamblin v.Hamblin (Oct. 18, 1993), Butler App. Nos. CA93-03-044 and CA93-03-048, unreported (buying a new truck and redeeming life insurance policy contrary to restraining order). Also, the dissipation of marital assets during a period of permanent separation could be considered financial misconduct. See e.g.,Babka v. Babka (1992), 83 Ohio App.3d 428 (account liquidated just prior to the parties' divorce); Gray v. Gray (Dec. 8, 1994), Cuyahoga App. No. 66565, unreported (transferring or withdrawing funds during separation period in order to conceal them from the other spouse); Lott v. Lott (Sept. 30, 1993), Cuyahoga App. No. 63854, unreported (selling rental property in direct contravention of pending restraining order).
In this case there are no allegations that the appellant personally profited from his actions or engaged in misconduct solely to defeat the wife's interest. While there is no doubt that the appellant's actions toward the nurses were inappropriate, he did not partake in those actions with the intent to deprive his wife of marital assets. Rather, the appellant's intent when spending the money was to seek help in redressing the problems he was experiencing. He sought the services of an attorney in an attempt to save his job and sought treatment in order to prevent a similar situation from occurring in the future and in an attempt to have his hospital privileges reinstated. These expenditures were made during the course of the parties' marriage, with full knowledge and consent of the appellee. In fact, the appellee participated in the portion of the appellant's treatment that involved family counseling.
Furthermore, the statute specifically states that a spouse must engage in "financial misconduct." Financial misconduct implies some type of wrongdoing such as interference with the other spouse's property rights. Kita v. Kita (Nov. 24, 1999), Summit App. No. 19256, unreported, Hammond v. Brown (Sept. 14, 1995), Cuyahoga App. No. 67268, unreported. While there is no question that the appellant engaged in misconduct, we do not believe that his actions constituted "financial misconduct." Certainly the appellee was embarrassed and felt betrayed by the appellant's actions, but this is not the type of misconduct the statute provides compensation for. Allowing such would add an element of fault into divorce proceedings, in direct contravention of Ohio's no-fault divorce provisions. The trial court abused its discretion in ruling that the appellant committed financial misconduct.
Accordingly, the appellant's first assignment of error is sustained.
Assignment of Error No. 2
 The trial court abused its discretion and erred as a matter of law when it determined to impute income when it failed to consider the Ohio Revised Code § 3113.215 in determining the amount of support.
The appellant contends that the trial court erred by finding that he is underemployed and imputing income to him. For the following reasons, we disagree.
R.C. 3113.215 governs the calculation of child support and includes definitions to assist in determining parents' income. Specifically, R.C. 3113.215(A)(1)(b) defines income "for a parent who is unemployed or underemployed, [as] the sum of the gross income of the parent, and any potential income of the parent."
"Potential income," pursuant to R.C. 3113.215(A)(5), is defined as:
 (a) imputed income that the court * * * determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities in the community in which the parent resides;
The Ohio Supreme Court, applying R.C. 3113.215, has held that the questions of "whether a parent is voluntarily unemployed or voluntarily underemployed" and "the amount of potential income to be imputed" are determinations within the trial court's discretion and will be upheld absent an abuse of discretion.Rock v. Cabral (1993), 67 Ohio St.3d 108, 112; Marsh v. Marsh
(1995), 105 Ohio App.3d 747. An abuse of discretion connotes an unreasonable, arbitrary or unconscionable attitude.Blakemore v. Blakemore (1983) 5 Ohio St.3d 217. Furthermore, the parent's subjective motivations for being voluntarily unemployed or underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating his or her support obligation. Rock,67 Ohio St.3d at 111; Marsh, 105 Ohio App.3d at 750.
In view of the above-stated law, we must review the imputation of income to the appellant. The evidence reveals that the appellant made approximately $341,429 in 1994, $261,681 in 1995, $13,009 in 1996, and $168,549 in 1997. The trial court held that there was no concrete evidence presented as to the appellant's income in 1998. However, there was testimony that projected his income to be approximately $27,000. The trial court considered the appellant's past work history, as well as the specific facts and circumstances surrounding the appellant's occupational opportunities. The court concluded that the appellant was underemployed and imputed income of $200,000 per year to the appellant. The findings of the trial court are supported by the evidence and fail to constitute an abuse of discretion.
Accordingly, the appellant's second assignment of error is overruled.
Assignment of Error No. 3
 The trial court abused its discretion and erred as a matter of law when the court required Dr. Gupta to pay both support orders.
The appellant maintains that the trial court erred in ordering that all the temporary support orders continued after the filing of the final judgment entry of divorce. For the following reasons, we agree.
In the final paragraph of the Judgment Entry of Divorce issued by the trial court on December 29, 1999, the trial court included the following phrase.
 IT IS ORDERED that all temporary orders issued by this Court shall survive the filing of this Judgment Entry of Divorce and be enforceable by this Court after the filing of this Entry.
In Colom v. Colom (1979), 58 Ohio St.2d 245, the Supreme Court of Ohio held:
 In a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree.
On March 26, 1998, the trial court approved the temporary orders agreed upon by the parties. The temporary orders included, among others, provisions concerning the disposition of the marital residence, temporary spousal and child support. It appears from the language of the judgment entry that the trial court intended for these temporary orders to extend beyond the final decree. However, in the same judgment entry, the trial court set forth provisions providing for the sale of the marital residence and spousal and child support. The provisions of the temporary order and the final orders are not identical. The language contained in the final paragraph of the Judgment Entry creates an ambiguity and conflicts with the provisions set forth earlier in the same decree.
It is doubtful that the trial court intended for the appellant to be responsible for spousal and child support in the amounts set forth in both the temporary orders as well as the final judgment. However, a strict reading of the Judgment Entry of Divorce has that effect. This matter must be sent back to the trial court for clarification. Accordingly, the appellant's third assignment of error is well taken.
Assignment of Error No. 4
 The trial court abused its discretion and erred as a matter of law when the court unequally divided marital jewelry property.
The appellant contends that the trial court abused its discretion by awarding the majority of the jewelry to the appellee. For the following reasons, we disagree.
Marital property includes personal property that currently is owned by either or both of the spouses and that was acquired by either or both of the spouses during the marriage. R.C.3105.171(A)(3)(a)(i). Separate property includes property acquired by one spouse prior to the date of the marriage, as well as property found by the court to be a gift given to only one spouse. R.C. 3105.171(A)(6)(a)(ii) and (vii). Unless it is part of a distributive award to supplement the division of marital property, a spouse's separate property must be awarded to that spouse. R.C. 3105.171(D), Barkley v. Barkley (1997), 119 Ohio App.3d 155.
A trial court has broad discretion in determining what constitutes marital property and separate property. Krisher v.Krisher (1992), 82 Ohio App.3d 159. On review, we will not disturb the trial court's judgment if the court has not abused its discretion.
In the case sub judice, the trial court heard evidence concerning the origins of the 158 pieces of jewelry in dispute. The testimony concerned the culture and customs of India and the Hindu religion. The appellee, as well as two other witnesses of Indian decent, testified that it was a custom in India for the woman to receive jewelry from various family members at the time of the marriage. This jewelry was considered the separate property of the woman to be used by her in times of adversity. The appellee also testified that it is tradition in India for the woman in the family to receive gifts at special occasions, i.e. births and marriages of family members. The appellee identified fifty pieces of jewelry, which were given to her as gifts at her wedding or at special family occasions. Based on this evidence, the trial court classified these pieces separate property and awarded them to the appellee. The court found five pieces of the jewelry to be the separate property of the appellant and nine pieces to be the separate property of the children and distributed it accordingly. The remaining ninety-four pieces of jewelry were divided equally amongst the parties.
The decision of the trial court is sufficiently supported by the evidence. It cannot be said that the decision of the trial court constitutes an abuse of discretion. Accordingly, the appellant's fourth assignment of error is overruled.
Having found error prejudicial to the appellant herein, in two of the particulars assigned and argued, we reverse the judgment of the trial court as to the appellant's first and third assignments of error and remand the matter for further proceedings consistent with this opinion.
Having found no error prejudicial to the appellant herein, in two of the particulars assigned and argued, we affirm the judgment of the trial court as to the appellant's second and fourth assignments of error.
 _______________________ HADLEY, P.J.
WALTERS and SHAW, JJ., concur.