PORATH, Appellant,

v.

PORATH, Appellee.

[Cite as *Porath v. Porath*, 167 Ohio App.3d 402, 2006-Ohio-2236.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT-05-056.

Decided May 5, 2006.

Lisa Snyder, for appellant.

Ruth Gulas, for appellee.

SINGER, Presiding Judge.

{¶ 1} This is an accelerated appeal from a divorce decree issued by the Ottawa County Court of Common Pleas.

{¶ 2} Appellant, Cynthia L. Porath, and appellee, Gerald W. Porath, were married in 1978. The couple had three children, all of whom are now emancipated.

{¶ 3} In 2003, appellant sought a judgment of legal separation in Sandusky County. Appellee counterclaimed for a divorce and moved to remove the case to Ottawa County, where both parties resided. Venue of the matter was eventually changed to Ottawa County, and the matter proceeded on appellee's divorce complaint at a hearing before a magistrate.

{¶ 4} Following the hearing, the magistrate granted appellee a divorce, ordered appellant to reimburse $600 to appellee for telephone expenses and $500 for credit card charges incurred in an account appellant had opened in appellee's name without his knowledge. The magistrate also awarded appellee all of his personal pension in compensation for equity lost in the parties' home, the mortgage on which was foreclosed during the proceedings.

{¶ 5} Appellant's objections to the magistrate's decision were overruled by the trial court, which adopted the magistrate's decision in its final decree. From this judgment comes this appeal.

{¶ 6} In three assignments of error, appellant contends that (1) the trial court's findings were against the manifest weight of the evidence, (2) the property division ordered was not equitable, and (3) the court's allocation of debt violated the parties' stipulations.

### I. Manifest Weight

{¶ 7} In ruling on objections to a magistrate's decision, a trial court must conduct an independent review of the facts and conclusions contained in the decision and render its own judgment. When reviewing the magistrate's decision, the trial court acts not as an appellate court, but views all the evidence de novo. *Kovacs v. Kovacs*, 6th Dist. No. E–03–051, 2004-Ohio-2777, 2004 WL 1191103, at ¶ 6; *Dayton v. Whiting* (1996), 110 Ohio App.3d 115, 118, 673 N.E.2d 671; Civ.R. 53(E). On appeal, the standard in reviewing the trial court's final judgment is an abuse of discretion. Id. at ¶ 7. Encompassed within this standard is a presumption of validity and deference to the trial court as an independent factfinder. Id.

{¶ 8} In her first assignment of error, appellant maintains that at least three of the findings adopted by the trial court are against the manifest weight of the evidence. Each of the contested findings is related to the couple's Oak Harbor home, which was lost in foreclosure.

{¶ 9} The house originally belonged to appellee's grandmother. Appellee testified that while he remained in the home he regularly deposited funds to a special account out of which appellant was to make mortgage installment payments. According to appellee, after he left the home, he was notified that no payments had been made in several months, resulting in a default on the loan.

{¶ 10} Appellee testified that after the mortgagee instituted foreclosure proceedings, appellee secured a refinancing loan, but appellant refused to sign a quitclaim deed required by the refinancing bank. A bank loan officer confirmed that a loan had been approved and that the bank required a quitclaim from appellant.

{¶ 11} Eventually, the home sold at sheriff's sale for approximately $108,000 to satisfy a $96,000 mortgage loan. According to appellee, two appraisals on the house prior to sale set its value at between $135,500 and $140,000. Appellant testified that her own appraisal valued the property at $85,000. The magistrate found that there had been only two appraisals and set the equity loss from the foreclosure at approximately $40,000. One-half of this figure was eventually used to offset any interest appellant may have had in appellee's pension.

{¶ 12} The magistrate also found that appellant had thwarted appellee's attempt to evade foreclosure and had lost $5,600 that appellee had set aside to make the mortgage payments. It is these findings that appellant contests in her first assignment of error.

{¶ 13} Appellant complains that the magistrate's findings that there were only two appraisals wholly ignores her testimony of a third appraisal. Her appraisal was lower, she insisted, because of water damage due to appellee's failure to fix

the roof. Moreover, appellant maintains, she attempted to resolve the issue of the marital residence but to no avail.

{¶ 14} The evaluation of a witness's credibility rests almost exclusively in the trier of fact. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273. Given the many instances of misconduct alleged of appellant and either independently supported or uncontested, the magistrate and court could have easily discredited her testimony. What we look for is competent, credible evidence supporting the finding of the trier of fact's findings. If this is found, the findings will not be disturbed. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 15} The court's finding of two appraisals at $145,000 and $139,500 is not in conformity with the testimony. Appellee testified to appraisals of $135,500 and $140,000. Nevertheless, the material finding on this issue was that the foreclosure resulted in an equity loss of approximately $40,000.

{¶ 16} At trial, counsel obtained an equity-loss figure of $46,000 by deducting the $96,000 mortgage amount from the $140,000 appraisal. Notwithstanding this arithmetic error and the erroneous appraisal figures, the result obtained by the magistrate is materially correct. The $108,000 sale price was depleted by foreclosure court costs, sale costs, and interest to the point that there was a question whether there would be a deficiency judgment. The net proceeds of the sale then were approximately $96,000. Deducting that from the two appraisal figures to which appellee testified results in an equity loss amounting to between $39,500 and $44,000: the "lost equity of approximately $40,000" as the trial court found. Thus, there is competent, credible evidence supporting the court's appraisal figures.

{¶ 17} Moreover, there was appellee's testimony, supported by a corroborating witness, concerning appellant's uncooperativeness in attempting to avoid foreclosure. Appellee's testimony as to the unexplained loss of the $5,600 payment fund was essentially unrefuted. This then was competent, credible evidence supporting each of the magistrate's findings of fact that appellant challenges. Accordingly, the trial court acted within its discretion in adopting these findings. Appellant's first assignment of error is not well taken.

## II. Equitable Property Division

{¶ 18} In her second assignment of error, appellant complains that the trial court ordered an inequitable division of property by dividing the equity loss from the foreclosure between the parties but then using that loss as a setoff only against appellee's pension. Appellant insists that it is inconsistent with a finding of misconduct to divide the loss, yet without a finding of misconduct it is

inconsistent to use the loss to offset only appellee's pension. If there were misconduct on her part, appellant maintains, all of the loss should benefit appellee. If there were no misconduct, the allocation of half of the loss to appellee creates an unequal distribution of property, violating R.C. 3105.171(C).

{¶ 19} An act of a spouse that depletes marital assets may be equitably charged to that spouse through an unequal property division. *Quigley v. Quigley,* 6th Dist. No. L–03–1115, 2004-Ohio-2464, 2004 WL 1088481, at ¶ 70, citing, at ¶ 81, *Leadingham v. Leadingham* (1997), 120 Ohio App.3d 496, 698 N.E.2d 465 (cocaine possession conviction reduced future pension benefits); at ¶ 82, *Dragojevic–Wiczen v. Wiczen* (1995), 101 Ohio App.3d 152, 156, 655 N.E.2d 222 (husband's incarceration made equal property division inequitable); at ¶ 84, *Taylor v. Taylor* (Nov. 19, 1999), 2d Dist. No. 17727, 1999 WL 1043934 (incarcerated husband lost a $170,000–per–year job). R.C. 3105.171(E)(3) provides that a court may compensate with a greater award of marital property one who is the victim of a spouse's financial misconduct. Such misconduct includes an act of an offending spouse to intentionally defeat the other spouse's distribution of marital assets. *Wideman v. Wideman,* 6th Dist. No. WD–02–030, 2003-Ohio-1858, 2003 WL 1861002, at ¶ 34–35.

{¶ 20} Appellant is correct. There is an inconsistency between dividing the loss from the foreclosure, then allocating the benefits only to appellee. The trial court's findings clearly fault appellant for the entire loss. Thus, the entire loss should have accrued to appellee's benefit. Appellee, however, has not cross-appealed on this issue, so there is no need to disturb the court's order. Since the error complained of was not prejudicial to appellant, her second assignment of error is not well taken.

### III. Stipulation Violation

{¶ 21} At trial, the parties read into the record the following stipulation: "Each [party] will pay any bills currently existing in his or her individual names [sic] that were also incurred in his or her name." In recording the stipulation in its decision, the trial court modified it to encompass only the period since the filing of the divorce complaint.

{¶ 22} The trial court ordered appellant to reimburse appellee $600 for a telephone bill paid on her behalf and $500 appellee paid to clear his credit from a credit card appellant opened in appellee's name without his knowledge. Appellant complains that these accounts were incurred prior to the parties' separation and should have been extinguished by the stipulations.

{¶ 23} Appellant's argument is somewhat perplexing. Appellant insists that these bills accrued prior to the parties' separation. If we apply the language of

the judgment entry, these bills were incurred prior to the filing of divorce and, therefore, are outside the stipulation. If we employ the language stated during the hearing, then appellee's testimony at trial that he had already paid these bills means that they were not "currently existing" at the time of the hearing and, therefore, are excluded from the stipulation by its own terms.

{¶ 24} In any event, it was clear from the evidence presented that these debts were the result of appellant's misconduct and are not within the scope of the stipulation. Accordingly, appellant's third assignment of error is not well taken.

{¶ 25} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.

Judgment affirmed.

PIETRYKOWSKI and SKOW, JJ., concur.