HUENER, Appellee,

v.

HUENER, Appellant.

[Cite as *Huener v. Huener* (1996), 110 Ohio App.3d 322.]

Court of Appeals of Ohio,
Third District, Henry County.

No. 7–95–3.

Decided April 3, 1996.

*James Hensal,* for appellee.

*Douglas A. Wilkins,* for appellant.

---

HADLEY, Judge.

Defendant-appellant, Anthony A. Huener ("appellant"), appeals from the judgment entry of the Henry County Court of Common Pleas which granted a divorce and made a division of property.

Appellant and plaintiff-appellee, Irene Huener ("appellee"), were married on November 18, 1988. No children were born from the relationship. On November 8, 1993, appellee filed a complaint for divorce. Thereafter, hearings were held on March 10, 1994 and March 24, 1994. A referee's report was filed on October 18, 1994, and appellant filed objections to the report on November 1, 1994. A revised report was filed on December 6, 1994 to amend a typographical error. On December 23, 1994, the trial court overruled appellant's objections.

In its judgment entry of February 10, 1995, the trial court granted the divorce and made the property division. It is from this judgment entry that appellant raises the following assignments of error:

### Assignment of Error No. 1

"The lower court abused its discretion in making a $50,000.00 [*sic* ] distributive award to Irene."

### Assignment of Error No. 3

"The lower court abused its discretion by failing to equitably divide the marital property."

Since appellant's first and third assignments of error are interrelated, we consider them jointly. Appellant maintains that the trial court failed to make specific findings with regard to the rationale and source of the $50,000 award. Furthermore, he asserts that the division of marital property was inequitable.

When making property awards in a divorce action, a trial court has broad discretion. *Berish v. Berish* (1982), 69 Ohio St.2d 318, 319, 23 O.O.3d 296, 297, 432 N.E.2d 183, 184. Thus, a trial court's determination in such cases will be upheld absent an abuse of discretion. *Martin v. Martin* (1985), 18 Ohio St.3d 292, 294, 18 OBR 342, 343–344, 480 N.E.2d 1112, 1114. When reviewing such discretion, an appellate court must ascertain whether the disposition, as a whole, was an abuse of discretion. *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 222, 9 OBR 529, 531–532, 459 N.E.2d 896, 898. An abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

R.C. 3105.171(C)(1) mandates that a trial court make an equal division of marital property unless the division would be inequitable. In such an instance, the court must make an equitable division. *Id.* Moreover, "[i]f a spouse has engaged in financial misconduct, * * * the court may compensate the offended spouse with a distributive award or with a greater award of marital property." R.C. 3105.171(E)(3).

Finally, when dividing property or granting a distributive award under R.C. 3105.171, the court must make written findings of fact to support its conclusion that the marital property has been divided equitably. R.C. 3105.171(G).

In the instant case, the judgment entry indicates that appellee received her life insurance, stock, retirement and savings plans, which appear to total

approximately $55,612.[1]  About three pages of household and personal belongings were awarded to appellee.[2]  Appellee was awarded cars that seem to be valued at around $1,500 and $4,000, respectively, and the equity in her home, which was purchased by her sister.[3]  Appellee was also granted the money in her bank account totalling approximately $1,388 and any money which remained in any joint accounts.[4]

Appellant was awarded the $9,000 spade and other related equipment, as well as a $800 bank account.  He was given the farm equipment listed on the Farm Credit Services financial statement.  There was testimony that the only marital farm equipment listed on the statement were the ones indicated by an "m."  This equipment has a value of about $20,525.  Approximately two pages of household and personal belongings [5] and a jeep were also awarded to appellant.  Additionally, appellant was granted the equity in a home that is in his parents' name.

The trial court ordered appellee to pay debts totalling approximately $7,425.  Appellant was ordered to pay debts totalling over $90,000 and to pay appellee $50,000.

Although the judgment entry contains these awards, we hold that the judgment entry is lacking in findings of fact that indicate an equitable division.

From the record, it is evident that the trial court found appellant engaged in financial misconduct;  however, the record is unclear as to how the property was equitably divided.  There is no clear identification of separate property and marital property and their respective values.  For example, the referee states that most of appellee's retirement and savings plans are pre-marital.  However, it fails to set forth the portion of the benefits which are marital property.  Did the court consider only the equipment marked by an "m" on the financial statement to be marital property?  Appellant testified that he made payments totalling approximately $21,972 on a tractor titled in his father's name.  Money was also used to put a roof on the house titled in the name of appellant's parents.  Were these expenditures considered monetary contributions on separate property and,

---

1.  In his brief, appellant maintains that appellee has a $20,000 IRA account.  This account is listed on appellant's balance sheet apparently completed for Farm Credit Services.  The status of this asset is unclear.

2.  Although the record contains values of a few individual items, a total value was not placed on these items.

3.  Appellee loaned her sister approximately $12,000 from her inheritance to purchase this home.  Appellee testified that she resides in the house and pays monthly rent.

4.  This amount is unclear.

5.  Again, a total value is absent from the record.

therefore, constituted marital property? Furthermore, no value was placed on the household and personal belongings received by each party. In short, the record prevents an appropriate review.

Our review is hindered further by the grant of a $50,000 award to appellee.[6] It appears the trial court found appellee's inheritance to be separate property and that appellant's expenditure of approximately $21,000 of the inheritance money was an attributing factor to the $50,000 distributive award.[7] Was the remainder of the money awarded due to appellant's debt history? For example, testimony shows that appellee borrowed $6,500 to pay appellant's business debt and appellant paid approximately $26,000 in mortgage payments for the home titled in his parent's name.[8] The record, however, is lacking in written findings of fact as to how the $50,000 figure was determined in relation to the distribution of property.

In reaching this conclusion, we note the referee's comments regarding the difficulty of determining the assets of appellant and his reference to appellant's use of monies and his credibility regarding his assets. Based on the record, we find no abuse of discretion in those findings. Furthermore, we recognize the discretion a trial court has in finding that a spouse has engaged in financial misconduct and, in turn, granting the offended spouse a distributive award or a greater share of the marital property. However, in doing so, the trial court needs to "indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus.

In summary, appellant's first and third assignments of error are well taken to the extent that the trial court erred in failing to make written findings of fact that set forth its characterization of all the property, their respective values, and the rationale and basis for making the $50,000 award so that this court may review, as a whole, how the assets, liabilities, and award result in an equitable division.

---

6. In her testimony, appellee stated, "I want $50,000.00 [*sic*] to cover all my stress and anxiety of Tony constantly coming to me for money and also giving him my mother's inheritance money that belonged to me and my children, money to pay his bills. And also another stressful thing was, for me was when I found out that he had a girlfriend."

7. Appellant testified as to the various expenditures of her inheritance money. She stated that she gave appellee approximately $21,000 to pay debts.

8. Appellant stated that appellee paid one of the mortgage payments. In contrast, appellee testified that her money paid for the house.

## Assignment of Error No. 2

"The lower court abused its discretion in ordering Tony to compel his parents to re-convey title in real property located at 11–788 County Road O, Napoleon, Ohio."

██ Appellant contends that regardless of his stipulation admitting that he is an "equitable owner" of the property, in which he and appellee lived during their marriage, his parents are the legal owners. Therefore, appellant claims that since he lacks the authority to convey it without his parents' authorization and his parents have not been made a party to this action, the trial court erred in ordering appellant to cause his parents to reconvey the real estate and in placing a lien on the property to secure the $50,000 award. Appellant cites Civ.R. 19 and 75 in support of his contentions.

██ Civ.R. 75(B) states that Civ.R. 19, which sets forth the joinder of parties "needed for just adjudication," has no application in divorce actions. Civ.R. 75(B)(1) does permit a third party, who possesses or claims an interest in property from which a party seeks an award of support, to join as a party. An interest includes legal ownership. *Maher v. Maher* (1978), 64 Ohio App.2d 22, 24, 18 O.O.3d 14, 15–16, 410 N.E.2d 1260, 1262. Joinder, however, is within the discretion of the court and its purpose is to allow individuals to join whose interests need to be protected. *Ferrari v. Ferrari* (Dec. 17, 1993), Lake App. No. 93–L–058, unreported, 1993 WL 548535.

The record indicates that the property was transferred to his parents after his first divorce and prior to his marriage to appellee. Appellant admitted that the property was transferred only because of his attorney's advice. The transcript shows that appellant stipulated that although his parents were the title owners of the property, he would get the proceeds of any sale. Appellant's attorney specifically stated "with regard to the martial residence, the defendant would stipulate that that [*sic*], that even though it's legally titled in his father's name, that, in fact, that is his property and he's made the payments associated with the property."

Nonetheless, appellant transferred the property to his parents prior to his marriage to appellee. Moreover, appellant's parents hold legal title to the property, which establishes their interest in the property. The trial court abused its discretion, therefore, by attempting to divest them of their legal title without joining them as parties.[9]

---

9. We note that R.C. 3105.171(B) states that a trial "court has jurisdiction over all property in which one or both spouses have an interest." If the property is found to be marital or

In this respect, appellant's second assignment of error is well taken.

Summarily, we reverse and remand this matter to the trial court for further proceedings in accordance with this opinion. Particularly, the trial court must characterize property, interests, and/or the distributive award, determine values, and make an equitable division with express findings for the same.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.

---

separate, R.C. 3105.171(E)(1) allows a trial court to secure a distributive award by placing a lien on such property.