Plaintiff-appellant, Frank A. Schneider, and defendant-appellee, Jeanie Schneider, both appeal the decision of the Brown County Court of Common Pleas, Domestic Relations Division, granting a divorce between the parties and dividing their property. On appeal, appellant raises four assignments of error, and appellee raises three assignments of error.
The parties were married on October 23, 1994. There were no children born of this marriage. Both parties concede that the relationship was unstable from the start, and after only fourteen months, appellant filed for divorce on January 11, 1996. On February 28, 1996, an ex parte hearing on temporary orders was held before a magistrate. The final divorce hearing was held on August 12, 1996, and the magistrate's decision was filed on February 28, 1997. On February 20, 1998, the trial court's final judgment entry was filed, adopting the magistrate's decision in part.
Both parties filed timely notices of appeal. We will first address appellant's four assignments of error.
Assignment of Error No. 1:
 THE MAGISTRATE AND [SIC] COURT ABUSED THEIR [SIC] DISCRETION IN AWARDING THE DEFENDANT ONE HALF OF THE EQUITY IN THE PLAINTIFF'S SEPARATE PROPERTY, I.E., HIS HOUSE.
In a divorce action, the trial court must first determine what constitutes marital property and what constitutes separate property. This determination will not be reversed on appeal absent an abuse of discretion. Peck v. Peck (1994), 96 Ohio App.3d 731,734. Next, the court must divide the marital property equitably between the parties. Id. Generally, each spouse's separate property must be distributed solely to that spouse. R.C. 3105.171(D). Separate property includes property acquired before the marriage. R.C. 3105.171(A)(6)(a)(ii). This court has previously stated that an interest in real property acquired prior to the marriage is separate property. Peck at 734. The commingling of separate property with other property does not destroy the identity of the separate property, except when the separate property is not traceable. R.C.3105.171(A)(6)(b).
The property at issue was purchased several weeks prior to the parties' marriage, and the down payment came from appellant's premarital funds. Neither party argued that appellant's down payment on the property had become commingled with marital assets to the extent that it was not traceable. In fact, the trial court specifically stated that appellant had "paid a substantial down payment toward the purchase of this property. * * * [T]he initial equity in this property (which is basically the equity which remains in the property based upon these findings by the Court) was contributed solely by [appellant]." Further, the court found no appreciation in the property's value during the marriage. Despite these findings, the court found that the $36,900 in equity was subject to equal division as marital property, and ordered appellant to pay $18,450 to appellee.
Since the equity in the property was contributed substantially by appellant and can be traced to his premarital funds, this portion remained appellant's separate property. We find that the trial court abused its discretion by awarding one half of the equity in the marital residence to appellee. Appellant's first assignment of error is sustained.
Assignment of Error No. 2:
 THE MAGISTRATE AND [SIC] COURT ABUSED THEIR [SIC] DISCRETION IN AWARDING THE DEFENDANT ALL OF THE MONEY SHE REMOVED FROM THE MARITAL SAVINGS ($18,000) AND MARITAL CHECKING ($16,000). THE DEFENDANT SPENT AND HID OUT OF STATE MOST OF THIS MARITAL MONEY DESPITE BEING SERVED WITH A RESTRAINING ORDER.
Under his second assignment of error, appellant argues that appellee engaged in financial misconduct by removing funds from the parties' joint checking and joint savings accounts during the marriage. R.C. 3105.171(E)(3) states, "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of the marital property." When reviewing the trial court's division of marital property, an appellate court's determination is limited to whether, under the totality of the circumstances, the trial court abused its discretion. Baker v. Baker (Apr. 7, 1997), Butler App. No. CA96-10-216, unreported, at 5, citing Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355. Likewise, a trial court has discretion in determining whether a spouse has engaged in financial misconduct. See Huener v. Huener (1996), 110 Ohio App.3d 322,326. We further note that the roles of evaluating evidence and assessing credibility of witnesses are primarily for the trier of fact. Ostendorf-Morris Co. v. Slyman (1982),6 Ohio App.3d 46, 47. If there is competent, credible evidence to support the trial court's decision, there is no abuse of discretion. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,401, citing Ross v. Ross (1980), 64 Ohio St.2d 203.
In this case, the magistrate stated the following:
 The Court finds Defendant has not taken any funds in excess of what she might otherwise have been entitled to meet her reasonable expenses for a short period of time. Plaintiff has not established any amount he should be paid back by any preponderance of evidence.
 Plaintiff has convinced the Court (and Defendant has conceded) Defendant did take more funds than necessary to meet the whole of the marital obligations. Defendant paid attorney fees and living expenses with the additional funds.
Both parties agree that appellee, with the consent of appellant, handled the parties' household finances during the marriage out of the joint checking and joint savings accounts. It is also undisputed that during the marriage, appellee withdrew approximately $18,000 from the joint savings account and approximately $16,000 from the joint checking account. The only dispute concerns appellee's use of these funds. Appellant asserts that appellee absconded with the funds. Appellee, on the other hand, asserts that she used the funds for three purposes, namely, (1) to manage the parties' finances, paying marital debts and obligations as they came due, (2) to pay her reasonable living expenses, and (3) to pay a portion of her legal fees.
The magistrate, after hearing the testimony of both parties, evidently found that appellee was more credible. Further, we note that appellant has not produced any overdue bills or unpaid taxes as evidence that appellee had misappropriated funds which were intended to satisfy those marital obligations. The magistrate found that appellant had not "established any amount he should be paid back by any preponderance of evidence." We find no abuse of discretion in this determination. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE MAGISTRATE AND [SIC] COURT ABUSED THEIR [SIC] DISCRETION IN NOT DIVIDING THE MARITAL DEBT AND ASSETS EQUALLY BETWEEN THE PLAINTIFF AND DEFENDANT.
A trial court is vested with broad discretion to determine an equitable property division, and the mere fact that the division is unequal, does not, standing alone, amount to an abuse of discretion. Cherry, 66 Ohio St.2d at paragraph two of the syllabus; R.C. 3105.171(C)(1). In making its determination, the court is to consider the factors listed in R.C.3105.171(F). In this case, the trial court clearly considered the short duration of the marriage along with the assets and liabilities of both parties in making its determination. Though the division of property was not equal in this case, we find no abuse of discretion. Appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE MAGISTRATE AND [SIC] COURT ABUSED ITS DISCRETION IN NOT RULING ON THE PLAINTIFF'S MOTION FOR CONTEMPT AND IN NOT ORDERING THE DEFENDANT TO REIMBURSE PLAINTIFF FOR EXPENSES INCURRED IN SECURING DISCOVERY THAT DEFENDANT FAILED TO PROVIDE DESPITE HAVING THE MATERIALS IN HER POSSESSION OR KNOWLEDGE.
On June 14, 1996, appellant filed two motions, a contempt motion alleging that appellee had violated the temporary restraining order and a motion to compel discovery. When reviewing the trial court's determination on a contempt motion, an appellate court must apply the abuse of discretion standard.Dozer v. Dozer (1993), 88 Ohio App.3d 296, 302. Likewise, denial of discovery motions is also reviewable under the abuse of discretion standard. See State ex rel. Daggett v. Gessaman
(1973), 34 Ohio St.2d 55, 57.
In this case, the trial court's judgment entry did not expressly rule on either of these motions. We note that, generally, when a trial court fails to rule on a motion, the appellate court presumes that the motion was overruled.Dozer at 303. After careful review, we find no abuse of discretion by the trial court in overruling appellant's motion for contempt or his discovery motion. We will not substitute our judgment for that of the trial court. Appellant's fourth assignment of error is overruled.
Cross-Assignment of Error No. 1:
 JUDGE STAPLETON ERRED TO THE GREAT PREJUDICE OF THE DEFENDANT/APPELLEE BY SIGNING A TEMPORARY ORDER ON JANUARY 11, 1996, GRANTING PLAINTIFF/APPELLANT EXCLUSIVE OCCUPANCY OF THE MARITAL RESIDENCE, WITHOUT PROVIDING DEFENDANT/APPELLEE DUE PROCESS NOTICE, WITHOUT HEARING OR OPPORTUNITY TO DEFEND, IN VIOLATION OF HER RIGHTS UNDER DUE PROCESS OF LAW PURSUANT TO THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.
Under appellee's first assignment of error in her cross-appeal, she argues that the trial court violated her right to due process by its January 11, 1996 ex parte temporary restraining order which granted exclusive occupancy of the marital residence to appellant without providing appellee notice or the opportunity to be heard.
Civ.R. 75(I)(2) states as follows:
 When it is made to appear to the court by affidavit of a party sworn to absolutely that a party is about to dispose of or encumber property, or any part of property, so as to defeat the other party in obtaining spousal or other support, or that a party to the action or a child of any party is about to suffer physical abuse, annoyance, or bodily injury by the other party, the court may allow a temporary restraining order, with or without bond, to prevent that action. A temporary restraining order may be issued without notice and shall remain in force during the pendency of the action unless the court or magistrate otherwise orders. (Emphasis added.)
The staff notes to Civ.R. 75[1] provide that in the rare case when an ex parte order is issued improperly, the complaining party can move to have the order modified or cancelled.
In this case, the trial court proceeded correctly. The initial temporary orders were issued on January 11, 1996 based upon appellant's motion and affidavit. On January 22, 1996, appellee made her own motion for temporary orders, and on February 9, 1996, the magistrate issued a decision which modified the initial temporary orders appropriately.
Appellee cannot claim that she was denied due process since she was provided the opportunity to modify the ex parte
temporary order as soon as it was practicable. Under Civ.R. 75(I)(2), no notice or hearing is required for a temporary restraining order. See Zaller v. Zaller (Nov. 8, 1996), Geauga App. No. 95-G-1949, unreported, appeal denied Zaller v. Zaller
(1997), 79 Ohio St.3d 1445. The trial court certainly did not abuse its discretion in issuing the ex parte temporary restraining order as specifically proscribed by Civ.R. 75. Appellee's first assignment of error is overruled.
Cross-Assignment of Error No. 2:
 THE MAGISTRATE [SIC] ERRED IN NOT GRANTING DEFENDANT/APPELLEE'S REQUEST FOR PLAINTIFF/APPELLANT TO PAY ALL OR A PORTION OF PLAINTIFF/APPELLEE'S [SIC] ATTORNEY FEES. SAID DECISION WAS AN ABUSE OF DISCRETION AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Under her second assignment of error, appellee argues that the magistrate erred in not granting her request for attorney fees. As this court has previously stated, the decision whether to award attorney fees rests within the sound discretion of the trial court. Balog v. Balog (June 6, 1997), Warren App. Nos. CA96-08-077, CA96-08-081, CA96-09-086, unreported, at 5, citingRand v. Rand (1985), 18 Ohio St.3d 356, 359. Thus, we will not disturb the trial court's decision unless it is unreasonable, arbitrary, or unconscionable. Balog at 5. We find no abuse of discretion by the trial court. Appellee's second assignment of error is overruled.
Cross-Assignment of Error No. 3:
 THE COMMON PLEAS JUDGE ERRED IN HIS OVERTURNING THE MAGISTRATE'S DECISION AS TO SPOUSAL SUPPORT, I.E. IN REVERSING THE AWARD OF THREE THOUSAND DOLLARS ($3000.00) IN SPOUSAL SUPPORT GRANTED DEFENDANT/APPELLEE BY MAGISTRATE LAWLER. [SIC]
Under her third assignment of error, appellee argues that the trial judge erred by failing to award spousal support as recommended by the magistrate. The magistrate's February 28, 1997 decision recommended that appellant make a $3,000 lump sum payment to appellee for spousal support. Despite this recommendation, the trial court, in its judgment entry filed February 20, 1998, found that appellee was not entitled to spousal support.
Civ.R. 53(E)(4)(b) clearly states that the court is free to "adopt, reject, or modify the magistrate's decision * * *." In addition, the trial court has broad discretion in determining the proper amount of spousal support based upon the facts and circumstances of each case. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67. A reviewing court should not substitute its judgment for that of the trial court unless the lower court abused its discretion. Id. In light of the facts and circumstances surrounding this case, we cannot say that the trial court abused its discretion by denying spousal support. Appellee's third assignment of error is overruled.
In summary, appellant's first assignment of error is sustained. However, appellant's remaining assignments of error as well as appellee's assignments of error are hereby overruled. Therefore, we find that appellee is entitled to receive no share of the equity in the marital residence, and we reverse the trial court's decision dividing the equity in the marital residence between the parties. We hereby enter judgment accordingly pursuant to App. R. 12(B). The judgment of the trial court is affirmed in all other respects.
YOUNG, P.J., and WALSH, J., concur.
[1] We note that the staff note corresponds with the former Civ.R. 75(H). However, as of July 1, 1998, this provision is now under Civ.R. 75(I).