OPINION
Plaintiff-appellant, Sharon Zebrasky, appeals the order of the Mahoning County Court of Common Pleas, Division of Domestic Relations, granting appellant a divorce from defendant-appellee, Jeff Zebrasky, and making various dispositions of the parties' property.
On April 8, 1994, appellant filed a complaint for legal separation from appellee. On April 15, 1994, appellee counterclaimed seeking a divorce from appellant. According to the magistrate's decision, the matter came up for hearing on various scheduled dates, although the only transcripts available are from October 11-12, 1995 and January 17-18, 1995. On April 8, 1996, the magistrate issued his decision granting each party a divorce from the other, designating appellant as the residential parent of the parties' three minor children, and dividing the parties' property. As part of the decision, the magistrate valued a set of Hummel figurines that were in the control of appellant at $4,000 and awarded them to her, and valued some business tools located at appellee's business premises at $5,000 and awarded them to him.
Subsequently, both parties filed objections to the magistrate's decision. Appellant claimed as error the valuation of the Hummel figurines and the business tools, noting that the valuations were disputed by appellant and worked to the benefit of appellee. Appellee did not object to the valuations of these two items. On August 26, 1996, the trial court modified the award of spousal support to appellant, but in all other regards approved and adopted the magistrate's decision. Appellant filed a timely notice of appeal to the trial court's decision on September 24, 1996.
Appellant's sole assignment of error states:
 "THE COURT ABUSED ITS DISCRETION IN SETTING AN ARBITRARY VALUE ON HUMMEL FIGURINES AND THE TOOLS LOCATED AT MR. ZEBRASKY'S BUSINESS, THEREBY DEPRIVING PLAINTIFF OF AN EQUITABLE DIVISION OF MARITAL PROPERTY."
Appellant argues that the trial court erred in its valuation of the Hummel figurines and the business tools, thereby depriving appellant of an equitable division of marital property. With respect to the Hummel figurines, appellant notes that the trial court valued them at $4,000, a figure very close to that offered by appellee based on a list he had produced himself. Appellant notes that the list was shown to be inaccurate in several respects, and that appellant valued the figurines at around $1,690. Appellant argues that the trial court abused its discretion in choosing appellee's figure over appellant's figure, especially when neither party was shown to have more expertise than the other with respect to these particular assets. In addition, appellant claims it was error for the trial court to fail to state why it accepted appellee's valuations over that of appellant's, and claims that such omission precludes this court from determining the propriety of the decision.
With respect to the business tools, appellant argues that the trial court was presented with evidence that the value of the items was somewhere between $5,000, as appellee valued them, and $30,000 which was their value for insurance purposes. Appellant claims error on the part of the trial court in opting for the lower value of $5,000 without explaining why. As such, appellant requests this court remand the matter for the trial court to conduct a reevaluation of these two items of property.
In response, appellee notes that the only evidence concerning the value of the business tools was offered by appellee who, because of his professional knowledge, was well informed as to their value. Appellee also argues that the figure of $30,000 used for insurance purposes was not a measure of the tools' present day market value, and so the trial court did not err in declining to value the tools at this amount. Further, appellee notes that in determining whether the trial court abused its discretion, this court must examine the entire property settlement, and notes that the two items complained of total only $9,000 in a settlement of property totaling some $109,000. Viewed in its entirety, appellee argues that the trial court's valuation of the tools and figurines did not amount to an abuse of discretion.
A trial court has broad discretion to determine what property division is equitable in a divorce proceeding. Cherry v. Cherry
(1981), 66 Ohio St.2d 348, paragraph two of the syllabus. In order to make an equitable division, the trial court should first determine the value of marital assets. Donovan v. Donovan (1996),110 Ohio App.3d 615, 620-621. When dividing property or granting a distributive award under R.C. 3105.171, the court must make written findings of fact to support its conclusion that the marital property has been divided equitably. Huener v. Huener
(1996), 110 Ohio App.3d 322, 324.
Thus, the trial court has broad discretion to determine the value of marital property. Donovan, supra, at 621. When reviewing such discretion, an appellate court must ascertain whether the disposition, as a whole, was an abuse of discretion. Huener,supra, at 324. (Emphasis added). Stated another way, when an appellant contests two items of a property division taken out of the context of the entire award, the appropriate consideration is whether the trial court's disposition of these items resulted in a property division, which, viewed in its entirety, was an abuse of discretion. See Briganti v. Briganti (1984), 9 Ohio St.3d 220,222.
The transcript of proceedings indicates that appellee compiled a list of the Hummel figurines that were in the marital house at the time he left. This list was admitted into evidence as plaintiff's Exhibit 3. Alongside the name of each figurine, appellee entered an estimated value range, based on a Hummel price guide. The total estimated value ranged from a low price of $5,495 to a high price of $5,775. In addition, appellee testified that he and appellant had collected them together, that he was very familiar with them, and that he had not placed any value on the Avon and other non-Hummel figurines that appellant also collected.
Appellant testified that many of the figurines on the list were not a part of the collection. In addition, for the sixteen or so figurines that appellant conceded were in the collection, appellant hand wrote on the exhibit her own estimation of each figurine's value, based on what she had seen them sold for at auctions.
Furthermore, appellee testified that a prior order of the trial court had granted him permission to enter the marital residence in order to appraise the collection, but that when he had appeared to view the collection most of the figurines had been removed from the house. Appellant conceded that she had removed them from the house at this time, and that they were not available for appellee to inspect.
In addition, Eric Karelin, a friend of appellee, testified to having seen some forty to fifty Hummel figurines in the collection prior to its removal, and William Morrow, also a friend of appellee, had seen fifty to sixty figurines of various sizes. Kenneth Cherpack, the owner of the house where appellee was residing, testified to having seen thirty-five or more Hummel figurines and several Avon figurines. Cherpack also testified that he had accompanied appellee during his attempt to appraise the collection, and confirmed that the figurines were not at the residence at that time.
Regarding the tools, appellee testified that he believed the market value was $5,000, but that it would cost $10, 000 to replace the collection with new tools. Appellee compiled a list of the tools, which was introduced as plaintiff's Exhibit 48. Appellee testified that the list was compiled prior to his business being burglarized, that he had received less than $1,000 from his insurance company, and that he had replaced the burglarized items. Appellee also explained that the figure of $30,000 on his insurance policy included coverage for radiators, which customers would deposit with him, which, if stolen, could cost up to $10,000 each to replace. Appellee reiterated that although the market value of the tools was $5,000, it would cost more to replace the set. Notably, appellant did not present any evidence relating to the valuation of the tools.
After considering all of the evidence, the magistrate determined that the Hummel figurine collection had a value of $4,000 and the tools had a value of $5,000. Although appellant contested the number and worth of the Hummel figurines, the record contains competent, credible evidence from which the trial court could have found that the list compiled by appellee was a more accurate indication of the extent of the figurine collection. This is especially so where appellant concedes that she had removed the figurines prior to appellee's visit to appraise them.
With respect to the tools, appellant failed to present any evidence as to their worth. In a proceeding of this nature, when one party ignores its responsibility to present evidence as to the value of an asset, it is difficult to imagine how a trial court abuses its discretion in selecting a value based on the uncontroverted evidence of the other party. Instead, appellant now argues that because appellee's business premises insurance policy covered him for losses up to $30,000 that the tools should be valued at this amount. This argument appears patently specious. The fact that appellee had insurance coverage on the entire premises for up to $30,000 in no way contradicts appellee's testimony that the market value of the tools was $5,000. Accordingly, the trial court did not err in accepting appellee's stated value for the tools.
Furthermore, we must review the property division as a whole before we may find error. The total value of the property divided amounted to over $100,000. The value the trial court attached to the figurines and tools was $9,000. Given the evidence contained in the record and the fact that the figurines and the tools are a minor part of the total division, we find no abuse of discretion on the part of the trial court.
With regard to appellant's claim that the trial court failed to provide sufficient written findings, the magistrate's decision adopted by the trial court is more than sufficient to inform this court as to the basis of the decision and to permit this court to determine that the award is fair, equitable and in accordance with the law. See Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,97; R.C. 3105.171 (G). Appellant offers no authority, nor are we aware of any, that would construe R.C. 3105.171 (G) as requiring a trial court to specifically state why it choose one purported value over another, so long as the written findings clearly state the value attached to the asset by the court.
Because appellant has failed to demonstrate that the trial court abused its discretion in its valuation of the Hummel figurines and business tools, appellant's sole assignment of error is without merit.
Accordingly, the judgment of the trial court is hereby affirmed.
Vukovich, J., concurs
Waite, J., concurs
APPROVED:
 ______________________ Gene Donofrio Judge