OPINION
The parties were married in February 1963 when they were both seventeen years of age. Appellee was employed throughout the marriage, working for Armco and later for Steelox. Appellant was primarily a homemaker, and worked only sporadically outside the home. During the marriage, the parties had two children who are now emancipated.
In 1997, appellant filed a complaint for divorce. The trial court terminated the parties' marriage and divided the marital assets and liabilities. The trial court ordered that the marital residence be sold at auction and that the proceeds be divided after the mortgage and associated debts were paid. The trial court ordered that an offset be made for the value of appellee's pension and for property taken and concealed by appellant. The trial court further ordered that appellee pay certain medical bills incurred by appellant and pay appellant $275 per month spousal support for an indefinite period.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FINDING FINANCIAL MISCONDUCT ON THE PART OF THE PLAINTIFF.
In her first assignment of error, appellant contends that the trial court erred by finding that she committed financial misconduct by removing marital property from the home and then attempting to conceal its existence.
A trial court has discretion to equitably divide marital property. Baker v. Baker (Apr. 7, 1997), Butler App. No. CA96-10-216, unreported, at 5, citing Cherry v. Cherry (1981),66 Ohio St.2d 348 . Likewise, a trial court has discretion to determine whether a spouse has engaged in financial misconduct. See Huenerv. Huener (1996), 110 Ohio App.3d 322, 326. A trial court's division of property will not be reversed absent an abuse of discretion. Baker at 5. More than an error of law or judgment, an abuse of discretion connotes that the trial court's decision is arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion. Schneider v. Schneider
(Mar. 29, 1999), Brown App. No. CA98-03-009, unreported, at 2, citing Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401.
Pursuant to R.C. 3105.17.1(E)(3), financial misconduct includes the dissipation, destruction, concealment or fraudulent disposition of marital assets. Upon finding financial misconduct, the trial court may compensate the offended spouse with a distributive award, or with a greater award of marital property. In the present case, appellee testified that furniture and other household items were missing from the marital residence. The parties' son testified that he witnessed appellant and a male companion removing furniture from the residence. He also testified that appellant later requested his help in moving the furniture a second time. However, appellant testified that she did not remove anything from the marital residence, and did not know what happened to any of the disputed items.
The trial court is in the best position to evaluate evidence and assess the credibility of witnesses. Schneider at 2, citingOstendorf-Morris Co. v. Slyman (1982), 6 Ohio App.3d 46, 47. The trial court, in its discretion, believed the testimony that indicated that appellant removed marital property from the residence, thereby preventing its equitable division by the trial court in the divorce. Upon review of the evidence presented, we find no abuse of discretion in this determination.
While the trial court has discretion to determine that a spouse engaged in financial misconduct, the trial court must indicate the basis for a distributive award with sufficient detail to enable the appellate court to determine that the award is fair, equitable, and in accordance with law. R.C. 3105.17.1(G); Huenerv. Huener (1996), 110 Ohio App.3d 322, 327, citing Kaechele v.Kaechele (1998), 35 Ohio St.3d 93, paragraph two of syllabus. Upon review of the record in this matter, we can find no evidence to support the trial court's determination that the property in question has a value of $2,000, as assigned by the court. Neither party presented evidence of the property's value, and the trial court offered no explanation for the amount of its award. We can only conclude that the assigned value is arbitrary, and therefore an abuse of discretion.
The distributive award in appellee's favor is vacated and this matter is remanded to the trial court for the limited purpose of determining the appropriate amount of the distributive award due appellee, based on the value of the property taken and concealed by appellant.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN THE AWARDING OF SPOUSAL SUPPORT IN AN INSUFFICIENT AMOUNT.
In her second assignment of error, appellant contends that the trial court erred in its determination of a reasonable and appropriate award of spousal support.
R.C. 3105.18(C) sets forth fourteen factors for the trial court to consider when determining whether spousal support is reasonable and appropriate. The trial court must consider each factor, and not base its decision on any one factor in isolation. Kaechele,35 Ohio St.3d at 96. Based on the facts and circumstances of each case, the trial court has broad discretion to determine a reasonable and appropriate award of spousal support. Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, 67. A trial court's award of spousal support will not be reversed absent an abuse of discretion. Rheude v. Rheude (May 5, 1997), Clermont App. No. CA96-10-084, unreported, at 4, citing Kunkle at 67.
Appellant contends that the trial court failed to appropriately consider the statutory factors. We disagree. Upon review of the trial court's entry, we find that the trial court properly considered the factors set forth in R.C. 3105.18(C)(1). Specifically, the trial court stated that it had considered the relatively long duration of the parties' marriage, the parties' incomes and relative earning abilities, the parties' ages, their respective retirement benefits, and the standard of living established during the marriage.
The testimony established that the parties were married approximately thirty-five years and are the same age. During the marriage, appellee was continuously employed by Armco and later by Steelox. Appellee's annual income is approximately $25,000. Appellee receives retirement benefits through Armco which are divided equally between the parties. Appellant worked sporadically throughout the marriage and accrued no retirement benefits of her own. She was most recently employed by Airborne Express earning $6.34 per hour. Both parties testified to having numerous health problems which affect their abilities to work. Although both parties will be eligible for social security benefits, no evidence was presented to establish the value of the benefits. During the marriage, the parties did not maintain an extravagant lifestyle. Although the parties owned their home, it was heavily mortgaged.
Contrary to appellant's position, the trial court is not required to comment on each factor of R.C. 3105.18(C)(1) unless there is a specific request for findings of fact and conclusions of law. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 356; Mullenv. Mullen (July 13, 1998), Warren App. No. CA97-08-089, unreported at 4. Appellant made no such request and we find that the trial court stated sufficient reasons for its award of spousal support. We find no abuse of discretion by the trial court. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN AWARDING THE PLAINTIFF/APPELLANT NO ATTORNEY FEES.
In her final assignment of error, appellant contends that the trial court erred by failing to award her attorney fees. The decision whether to award attorney fees rests with the sound discretion of the trial court. Balog v. Balog (June 6, 1997), Warren App. Nos. CA96-08-077, CA96-08-081, CA96-09-086, unreported, at 5, citing Rand v. Rand (1985), 18 Ohio St.3d 356, 359. Accordingly, a trial court's decision denying an award of attorney fees will not be disturbed unless it is unreasonable, arbitrary, or unconscionable. Balog at 5.
Pursuant to R.C. 3105.18(H), the trial court may award either party attorney fees at any stage of a divorce proceeding. However, the moving party must present independent evidence to substantiate the award as reasonable. See Milam v. Milam (Oct. 19, 1994), Greene App. No. 94-CA-23, unreported, 1994 WL 579722, at *8, citing In re Estate of Verbeck (1962), 173 Ohio St. 557; R.C. 3105.18(H). An award of reasonable attorney fees must be based upon actual services performed by the attorney and upon the reasonable value of those services. Id. Upon review of the record, it is apparent that appellant failed to present any evidence of her attorney fees, except for her own vague testimony regarding her total legal bill. We find no abuse of discretion by the trial court in not awarding appellant attorney fees. Appellant's third assignment of error is overruled.
Judgment is affirmed in part, reversed in part and remanded for further proceedings according to law.
WALSH and VALEN, JJ., concur.