DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the September 11, 2001 judgment of the Wood County Court of Common Pleas which granted the parties a divorce and divided the martial property and liabilities. Upon consideration of the assignment of error, we affirm the decision of the lower court. Appellant, Gerald A. Euler, asserts the following sole assignment of error on appeal:
 {¶ 2} "The trial court failed to address the financial misgivings of appellee's misuse of credit card and theft of money from appellant."
 {¶ 3} The undisputed evidence in this case is as follows. The parties were married in 1968 and have three adult children. They are both in their mid-fifties. At the time of the divorce, appellant, a farmer and truck driver, had the ability to earn approximately $35,000 annually and appellee, a hairdresser, was earning approximately $15,325.
 {¶ 4} At the beginning of the hearing, appellant's attorney stated that the parties would stipulate that the matter of credit card spending would be limited to the issue of $13,000 in funds withdrawn by appellee, Sharon S. Euler, on February 8, 1999 from the operating loan of the farm. The attorney for appellee clarified that they agreed that any issues related to credit card spending prior to 1996 would not be raised at the hearing.
 {¶ 5} Appellee testified that prior to filing for divorce, she had transferred $13,000 from the farm operating loan account into her checking account. She used the funds to pay off all of her credit card balances. She testified that the credit cards had been used from 1996 through 1999 to purchase clothing for herself, her children, her husband, and her grandchildren; gifts; items for the home; groceries; etc.
 {¶ 6} Appellant did not present any evidence regarding the types of expenses for which the $13,000 was used. He proffered that had he been allowed to testify regarding the credit card purchases prior to 1996, he would have testified that appellee spent $112,951 from 1992 through 1996, including $33,635 for clothing. He also would have testified that she spent $3,934 for miscellaneous items from 1985 through 1998. However, the court excluded all evidence regarding purchases prior to 1996 pursuant to the stipulation of the parties.
 {¶ 7} Also presented at the hearing was evidence that appellant had not paid spousal support in accordance with the court's prior order. Appellant paid spousal support of $750 from March 1999 through October 1999. He asserted that he was unable to pay support after that time because he lacked the funds to do so.
 {¶ 8} The magistrate issued his decision on January 10, 2001. A hearing on objections to the decision was held on September 10, 2001. Appellant objected to the following two findings of the magistrate:
 {¶ 9} "The Defendant has raised the issue of the Plaintiff removing $13,000 on the line of credit. That money was taken by the Plaintiff, but was used to pay credit cards for items of a marital nature not personal. This would appear to be nothing more than a trading of one debt for another. There were debts to credit cards of Private Issue and Chase in the total amount of approximately $3,200. These may have been paid off now by the Defendant for which credit is appropriate to him.
 {¶ 10} "The Defendant has indicated that the Plaintiff has misused the cards in the past to run up expenses unreasonably and unnecessarily. This is not being considered by the Court since the parties stipulated through counsel at the commencement of the final hearing that any credit card use before 1996 would not be included."
 {¶ 11} During the hearing on the objections, appellant contended that the magistrate erred by finding that the $13,000 withdrawal was a marital debt. He further argued that the $13,000 withdrawal and an additional $130,000 appellee accumulated in credit card debt since 1996 should constitute financial misconduct because it was used for appellee's personal gain. Appellant argued that he should have been awarded a larger share of the marital property.
 {¶ 12} At the hearing appellant's counsel represented to the court that the following evidence had been presented at the final hearing. He stated that it was uncontradicted that appellee had used the $13,000 to buy clothing for herself. He also stated that the farm account was "used for the farm between the parties, it was used indeed by Mrs. Euler for her personal line of credit which she has a very, very bad history of credit cards and not making good on them." These statements, however, are contradictory to the evidence presented at the final hearing.
 {¶ 13} Appellee testified that the $13,000 withdrawal was used for general living expenses she had charged on her credit cards. Appellant did not present evidence that the funds were used solely to purchase appellee's clothing. In his proffered evidence regarding purchases prior to 1996, appellant sought to present evidence that appellee had made large purchases of clothing for herself. However, this evidence was properly excluded by the court. Therefore, there was no evidence in the record to support appellant's claim that the $13,000 debt was incurred for appellee's sole benefit.
 {¶ 14} Appellant's attorney further stated that the magistrate had credited appellant with $3,200 apparently to adjust the balance "according to paragraph 17 where the Court indicated anything to do with the misuse of credit card was only from 1996 backwards." This statement mischaracterizes the magistrate's decision. The magistrate specifically found that it would not address the issue of prior misuse of credit cards because of the stipulation of the parties. Therefore, there was no adjustment for appellee's alleged prior misuse of funds.
 {¶ 15} Appellant's attorney further asserted that the magistrate's decision made appellant responsible for the entire $13,000 debt, which was incurred for appellee's own benefit. This statement was also erroneous. The magistrate's decision equally split the $13,000 debt between the parties because he considered the debt to have been incurred for marital purchases.
 {¶ 16} During the hearing on the objections, the court also addressed the issue of appellant's failure to comply with the support orders of the court. Appellee presented evidence that as of the date of the hearing, appellant owed spousal support of $8,500 accruing since November 1999.
 {¶ 17} In its September 11, 2001 judgment, the court held in pertinent part as follows:
 {¶ 18} "The Court finds that an adjustment should be made to the Magistrate's treatment of credit card debt, which was paid off by a line of credit, which line of credit is being paid by the Defendant. The Court finds in essence that the $13,000 credit card debt was split between the parties by the manner in which the Magistrate treated the debt. The Court finds that [sic] should be credited to the Defendant, but that the Defendant has failed to comply with the Court Orders of spousal support on a temporary basis and that there are certain arrearages or amounts that should have been paid by the Defendant, but which have not been paid. The Court finds in essence that the two obligations are of the same magnitude and should be balanced and credited against each other in order to be fair and equitable to both parties. Accordingly, the Court finds at this point and time the Magistrate's Decision should be affirmed in total and that the alleged arrears of the Defendant be cancelled [sic]."
 {¶ 19} On appeal, appellant asserts that the trial court erred by not ruling on the issues he raised. He asserts that he should be entitled to a $143,000 offset against the marital property for the $13,000 credit card debt as well as another $130,000 in credit card debt incurred after 1996.
 {¶ 20} Marital property is defined by R.C. 3105.171(A)(3). The party claiming that an asset is separate property has the burden of proving the claim. Okos v. Okos (2000), 137 Ohio App.3d 563, 570, andPeck v. Peck (1994), 96 Ohio App.3d 731, 734. The determination of whether an asset or liability is marital or non-marital is a factual issue and it is reviewed on a manifest weight of the evidence standard.Okos, supra; Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159; Eddyv. Eddy, Washington App. No. 01CA20, 2002-Ohio-4345, at ¶ 27;Boggins v. Boggins, Medina App. No. 3246-M, 2002-Ohio-3183, at ¶ 16; Hippely v. Hippely, Columbiana App. Dist. No. 01 CO 14, 2002-Ohio-3015 at ¶ 6; and Johnson v. Johnson (Sept. 27, 1999), Warren App. No. CA99-01-001, at 9. Judgments supported by some competent, credible evidence will not be reversed. Barkley v. Barkley, supra.
 {¶ 21} R.C. 3105.171(E)(3) permits a court to make a distributive award from separate property (under R.C. 3105.171(A)(1)) or a greater award of marital property if it finds that one spouse engaged in financial misconduct to the detriment of the other spouse. The burden of proving financial misconduct is on the complaining spouse. Gallo v.Gallo, Lake App. No. 2000-L-208, 2002-Ohio-2815, at ¶ 43. When determining whether to make a distributive award or a division of marital property, the court must consider all of the factors identified in R.C.3105.171(F) and any other factors it deems relevant. The court must make specific written findings of fact to support its decision. R.C.3105.171(G). R.C. 3105.171(E)(3) states that the trial court "may" compensate the offended spouse for financial misconduct by the other spouse. Therefore, the trial court's decision to make a distributive award or a division of marital funds to compensate for financial misconduct is reviewed under an abuse of discretion standard. Huener v.Huener (1995), 110 Ohio App.3d 322, 326; Gallo, Id.; Detlef v. Detlef
(Dec. 14, 2001), Sixth Dist. App. No. L-00-1137, at pg. 16-17; Seybertv. Seybert (Dec. 14, 2001), Trumbull App. No. 99-T-0119, at page 11;Dickinson v. Dickinson (Nov. 30, 2001), Sixth Dist. App. No. WD-01-015, at pg. 12. An abuse of discretion is shown by more than an error of law or in judgment. A party must show that the court's decision reflects an unreasonable, arbitrary, or unconscionable attitude. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 22} In this case, there was no evidence presented that appellee charged $130,000 to her credit cards since 1996. Furthermore, the parties agreed not to raise any issues regarding debts incurred prior to 1996. Therefore, the evidence proffered by appellant was inadmissible.
 {¶ 23} Despite the evidence, the trial court totally relieved appellant of any responsibility for the $13,000 in credit card debt plus canceled an additional $2,000 in spousal support arrearages. It is not clear from the court's decision whether it found appellee's withdrawal to be financial misconduct or whether it simply classified the $13,000 of credit card debt as non-marital debt. Even if the court considered the $13,000 withdrawal to have been financial misconduct, the court fully compensated appellant for the $13,000, plus an additional $2,000. Therefore, there is no legal basis for awarding appellant additional marital assets. Appellant's sole assignment of error is not well-taken.
 {¶ 24} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.