OPINION
{¶ 1} Plaintiff-appellant Vicky Quick appeals the November 19, 2003 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Domestic Relations Division, which ordered an unequal division of marital assets and liabilities relative to a pension plan upon a finding appellant had engaged in financial misconduct. Defendant-appellee is Terry E. Stocker.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and appellee were married on May 21, 1983. Two children were born as issue of said union, to wit: Natalie (DOB 6/12/83), and Vanessa (DOB 10/3/84). On September 27, 2001, appellant filed a Complaint for Divorce in the Tuscarawas County Court of Common Pleas, Domestic Relations Division. Appellee filed a timely answer and counterclaim for divorce. The parties stipulated they were incompatible as marriage partners. The matter proceeded to trial before the magistrate on January 16, 2002.
 {¶ 3} Prior to the commencement of trial, the parties entered into written stipulations relative to the division of real property, automobiles, personal property, and household goods, as well as the amount and duration of spousal support.
 {¶ 4} Appellee, who is a medical doctor, was self employed by his corporation, Terry Stocker, M.D., Inc. Appellant worked at the practice as an office manager and bookkeeper. The corporation funded a pension plan in which appellant and appellee participated. In 1987, the corporation took a loan in the amount of $25,000 against the pension fund to purchase a medical building from which appellee ultimately ran his practice. The corporation was required to pay the loan in full in sixty monthly installments, but failed to do so, and subsequently defaulted on the loan. As a result, the pension fund became underfunded. In addition to this debt, the parties failed to file income tax returns for a period of five years. Each party was quick to blame the other for this financial situation. However, as the magistrate found, appellant "was in charge of keeping the books at the medical office, but [appellee] had administrative oversight and should have been aware that what needed to be done was not being done." Feb. 26, 2002 Nunc Pro Tunc Magistrate's Decision at 3.
 {¶ 5} The magistrate issued his decision on February 21, 2002, recommending the liabilities relative to the pension fund be divided 80% to appellee and 20% to appellant, which represented their respective contributions to the fund. The magistrate filed a Supplemental Decision to be read in conjunction with his February 21, 2002 Decision. Therein, the magistrate made a specific finding as to two other participants in the pension plan and found their contributions totaled 14% of the total value of the pension fund. The magistrate further found, of the remaining 86% of the pension proceeds, appellee contributed 75%, and appellant contributed 11%. The magistrate recommended "the marital portion of the pension fund, should be divided in accordance with percentages of the parties' incomes, that is 75% [appellee] and 11% to [appellant]." Supplemental Magistrate's Decision at 2.
 {¶ 6} The parties filed objections to the magistrate's decision. Appellant specifically objected to the magistrate's failure to set forth reasons for the inequitable division of the pension fund. Via Judgment Entry filed June 26, 2002, the trial court overruled the parties' objections to the magistrate's decisions, and adopted the magistrate's decision with modifications to the recommendation. Specifically, the trial court ordered "all tax liabilities and penalties pertaining to either the pension fund or failure to file income tax returns . . . be divided" 80% to appellee and 20% to appellant. June 26, 2002 Judgment Entry at 4-5. The trial court further ordered the marital portion of the pension fund be divided 80% to appellee and 20% to appellant. The trial court specifically noted the amount of the pension fund was unknown and unable to be ascertained by the parties. The amount of the parties' tax liabilities and penalties was also unknown at the time of trial. The trial court adopted the magistrate's findings of fact and conclusions of law without further modification.
 {¶ 7} Appellant appealed the decision to this Court, which reversed and remanded. Quick v. Stocker, Tusc. App. No. 2002-AP-0059, 2003-Ohio-4853. This Court found: "The trial court made no finding of financial misconduct, or any other findings of fact to support its decision to divide the pension fund and tax liabilities unequally. Both were marital assets and/or liabilities which should have been divided equally in the absence of a factual finding supporting an unequal division. We are without a sufficient basis from which to review the trial court's decision to order an unequal property division, and to determine whether such an award was equitable and appropriate." Id. at para. 12 — 13.
 {¶ 8} Upon remand, the trial court ordered the parties to prepare their respective proposed findings of fact and conclusions of law pertaining to the division of the pension fund and tax liabilities. The trial court held a non-oral hearing on the matter on November 13, 2003. Via Judgment Entry filed November 19, 2003, the trial court found the pension plan had a value of $223,683, which was based upon the financial affidavits submitted by the parties. The trial court set forth a number of monetary figures representing a variety of debts owed by the parties but did not make a specific finding as to the amount of any actual tax liabilities and penalties. The trial court further found appellant had engaged in financial misconduct. The trial court ordered the marital portion of the pension plan be divided 80% to appellee and 20% to appellant. The trial court additionally ordered the tax liabilities and penalties pertaining to either the pension fund or failure to file income tax returns be divided 80% to appellee and 20% to appellant.
 {¶ 9} It is from this judgment entry appellant appeals, raising the following assignment of error:
 {¶ 10} "I. The trial court abused its discretion by unequally dividing the assets and liabilities of the pension plan to which both parties had contributed."
 I {¶ 11} In her sole assignment of error, appellant maintains the trial court abused its discretion in unequally dividing the assets and liabilities of the pension plan.
 {¶ 12} A review of a trial court's division of marital property is governed by an abuse of discretion standard. Martin v. Martin (1985),18 Ohio St.3d 292. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 13} R.C. 3105.171(C) mandates an equal division of marital property, unless such would be inequitable under the circumstances. In dividing marital assets, and in deciding whether to order an unequal award, a trial court must consider all relevant factors, including those listed in R.C. 3105.171(F). The trial court must address these statutory factors in making a decision. Neel v. Neel (1996), 113 Ohio App.3d 24,32. The trial court also must make written findings of fact to support its decision. R.C. 3105.171(G); Huener v. Huener (1996),110 Ohio App.3d 322. There is good reason to require findings of fact and law when property is not divided equally. Unequal division of marital assets is allowed by statute only in order to reach an equitable outcome. In order for reviewing courts to determine whether the demands of the statute have been satisfied, the trial court must provide a basis for appellate review by recording findings of fact that support its decision. See, Szerlip v. Szerlip (1998), 129 Ohio App.3d 506, 511, citing Kaechele v. Kaechele (1988), 35 Ohio St.3d 93; Gibson v. Gibson
(1993), 87 Ohio App.3d 426.
 {¶ 14} In its November 19, 2003 Judgment Entry, the trial court made specific findings regarding the value of the pension plan. The trial court utilized financial affidavits submitted by both parties. The trial court also set forth specific facts to support its conclusion appellant engaged in financial misconduct. For example, the trial court found appellant's neglect in timely filing tax returns effectively resulted in the bankruptcy of the corporation. Therefore, the trial court set forth sufficient factual findings which would support an unequal division of the pension plan even though it failed to place a value on the tax liabilities and pension fund penalties. Since the percentage division of such was stated, the omission of the total due was unnecessary. "The equitable division of marital property requires the trial court to determine the value of the properties to be divided." Id. at 513. (Citation omitted). We conclude that no abuse of discretion occurred in ordering the unequal distribution.
 {¶ 15} Appellant's sole assignment of error is overruled.
Boggins, P.J., Gwin, P.J. concur.
Hoffman, J., dissents.