OPINION
{¶ 1} Plaintiff-appellant, Katharina A. Pressler, appeals from a Judgment Entry and Decree of Divorce issued by the Butler County Common Pleas Court, Domestic Relations Division, which terminated appellant's marriage to defendant-appellee, Dr. John E. Pressler, and divided or disbursed their marital and nonmarital assets.
 {¶ 2} The parties were married on April 18, 1996. Shortly before their marriage, they purchased a new residence for $215,579.71, using appellee's premarital funds. During their marriage, the parties acquired, among other things, a 1998 Mercedes Benz CLK and two motorcycles: a 1998 Harley Davidson Sportster and a 2003 Harley Davidson "Fat Boy." The Mercedes and Sportster were purchased with appellee's nonmarital funds, while the Fat Boy was purchased with a mixture of appellee's nonmarital funds and the parties' marital assets. On March 6, 2003, appellant, without appellee's knowledge, obtained a $20,000 loan, using the Fat Boy as security for the debt.
 {¶ 3} On May 6, 2003, appellant filed a Complaint for Divorce against appellee. On December 22-23, 2003, a final contested hearing was held on the matter. On February 23, 2004, the trial court issued a Judgment Entry and Decree of Divorce, terminating the parties marriage and dividing and disbursing their marital and nonmarital asserts. The trial court found that the marital residence — which had a stipulated value of $235,000 at the time of the divorce proceedings — along with the Mercedes and the Sportster, were appellee's nonmarital, separate property. The trial court also found that 67 percent of the Fat Boy was appellee's nonmarital, separate property, and the remaining 33 percent was marital property. The trial court further found that the $20,000 loan obtained by appellant was her separate, nonmarital debt; it ordered appellee to assume the $20,000 debt and compensated him by reducing appellant's property division award by that same amount.
 {¶ 4} Appellant now appeals from the trial court's February 23, 2004 Judgment Entry and Decree of Divorce, and assigns the following as error:
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The Trial Court erred to the prejudice of plaintiff-Appellant when it did not award her any portion of the increase in the value of the marital residence."
 {¶ 7} Appellant argues that the trial court erred by not awarding her at least some portion of the marital residence's increase in value between the time the residence was purchased and the time it was appraised. In furtherance of this argument, appellant concedes that the first $215,579.71 of the marital residence, representing its initial purchase price, is appellee's separate property. However, she contends appellee had the burden of proving that the marital residence's $19,421.29 increase in value during the marriage was due to market forces, alone, rather than the parties' efforts in maintaining it, in order to have that appreciation declared to be his separate property. She asserts that appellee failed to meet that burden, and therefore, the amount of the appreciation should have been deemed to be marital.
 {¶ 8} Initially, we agree with appellant's position that the party who asserts that the appreciation of a premarital asset during the marriage is his or her separate property has the burden of proof on that issue. See Polakoff v. Polakoff (Aug. 4, 2000), Trumbull App. No. 98-T-0163 (party seeking to have dealership's and home's appreciation labeled as separate property bore burden of proof on that issue by preponderance of the evidence).
 {¶ 9} In this case, the trial court did not expressly rule on whether the marital residence's increase in value was due to market forces or the parties' efforts in maintaining the residence. However, because it found that the marital residence was appellee's separate, nonmarital property, it can be inferred that the trial court found that the appreciation on the residence was his separate property, as well. The characterization of property as separate or marital is a mixed question of law and fact rather than an exercise of discretion, and the trial court's determination on this question must be supported by sufficient, credible evidence. Kellyv. Kelly (1996), 111 Ohio App.3d 641, 642. We conclude that there was sufficient evidence presented in this case to support the trial court's implicit determination that the appreciation on the marital residence was appellee's separate property.
 {¶ 10} "Marital property" includes "all income and appreciation on separate property, due to the labor, monetary, or inkind contribution of either or both of the spouses that occurred during the marriage[.]" R.C.3105.171(A)(3)(a)(iii). "Separate property" includes "passive income," i.e., income acquired other than as a result of either spouses' labor, monetary, or in-kind contribution, R.C. 3105.171(A)(4), and appreciation acquired from separate property by one spouse during the marriage. R.C.3105.171(A)(6)(a)(iii).
 {¶ 11} Appellant acknowledged at trial that no improvements had been made to the marital residence during the marriage other than having the carpets cleaned. Such routine or regular maintenance, even when combined with the payment of property taxes and utilities, as it was here, is generally deemed insufficient proof that a marital residence's increase in value was due to the spouses' "labor, monetary, or in-kind contribution," for purposes of R.C. 3105.171(A)(3)(a)(iii). See Hutchinsv. Hutchins (Sept. 18, 2000), Preble App. No. CA99-11-021 (upholding trial court's determination that spouse's efforts to maintain her home constituted "routine maintenance" rather than actual improvements that increased the house's value).
 {¶ 12} In light of the evidence presented, it was reasonable for the trial court to infer that the marital residence's increase in value arose from market forces rather than from either spouse's labor, monetary, or in-kind contribution. An increase in value of real estate resulting from market forces such as inflation or the real estate's location is considered passive income and, therefore, the separate property of its owner. Polakoff, Trumbull App. No. 98-T-0163. Thus, the trial court did not err in implicitly determining that the marital residence's appreciation was appellee's separate property.
 {¶ 13} Appellant's first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "The Trial Court erred to the prejudice of plaintiff-appellant when it found that the 2003 harley davidson fat boy Motorcycle was a mixed Marital and Non-Marital asset, that the 1998 Sportster Motorcycle was appellee's separate property, and that the 1998 mercedes was appellee's separate property."
 {¶ 16} Appellant argues that the trial court erred by not finding that the Sportster and Mercedes were marital property even though they were purchased with appellee's pre-martial funds because the vehicles were purchased during the marriage and the parties used them jointly during the marriage. She also argues that the trial court should have found that 100 percent, rather than just 67 percent, of the Fat Boy was marital property because it, too, was purchased during the marriage, the parties used it jointly during the marriage, and the Fat Boy's title was placed in her name. We disagree with these arguments.
 {¶ 17} A trial court is required to determine what property is marital property and what property is separate property, and upon doing so, equitably divide the property between the spouses, in accordance with the provisions of R.C. 3105.171. R.C. 3105.171(B). Separate property must be disbursed to its owner, unless the trial court chooses to make a distributive award from it under R.C. 3105.171(E). R.C. 3105.171(D). The act of commingling separate property with marital property will not destroy the separate property's identity as separate property, unless its identity is not traceable. R.C. 3105.171(A)(6)(b). Thus, if property can be traced, it remains the separate property of its owner and must be disbursed to him or her, unless the trial court, in the exercise of its discretion, decides to make a distributive award therefrom; however, if it cannot be traced, it is marital property and must be divided equitably, in accordance with the provisions of R.C. 3105.171. Sowald 
Morganstern, Domestic Relations Law (4 Ed. 2002) 586, Section 12:10, fn. 5. See, also, Moore v. Moore (Dec. 4, 2000), Brown App. No. CA2000-03-006 (where spouse could trace money used to purchase an asset to premarital funds, that asset remained the spouse's separate property).
 {¶ 18} In this case, there was evidence presented to trace the source of the funds used to purchase the Sportster, Mercedes and 67 percent of the Fat Boy to appellee's premarital funds. As such, those items of property were appellee's separate property, and the trial court was obligated under R.C. 3105.171(D) to disburse them to appellee. Moreover, the fact that the Fat Boy was titled in appellant's name does not change this result, since the holding of title to property by one spouse individually does not, by itself, determine whether the property is marital property or separate property. R.C. 3105.171(H).
 {¶ 19} Appellant's second assignment of error is overruled.
 {¶ 20} Assignment of Error No. 3:
 {¶ 21} "The Trial Court erred to the prejudice of plaintiff-appellant when it found that she had engaged in financial mis-conduct."
 {¶ 22} Appellant argues that the trial court abused its discretion when it determined that she had engaged in financial misconduct by taking out a $20,000 loan on the Fat Boy motorcycle. She argues that she used the funds from that loan to pay off marital debts and, therefore, the trial court erred by declaring the loan to be her separate nonmarital debt. We disagree with this argument.
 {¶ 23} R.C. 3105.171(E)(3) provides that if a spouse engages in financial misconduct, such as the dissipation of assets, a trial court may compensate the offended spouse with a distributive award or a greater share of the marital property. The trial court's decision on this issue is subject to an abuse of discretion standard of review. See, e.g.,Huener v. Huener (1996), 110 Ohio App.3d 322, 326.
 {¶ 24} In this case, there was ample evidence to support the trial court's finding that appellant had engaged in financial misconduct by taking out the $20,000 loan shortly before filing for divorce. Among other things, appellant was unable to produce any documentation regarding the marital debt, i.e., credit cards, that she allegedly paid off with the loan proceeds. Under these circumstances, the trial court did not abuse its discretion in requiring appellee to assume the $20,000 as her separate, nonmarital debt.
 {¶ 25} Appellant's third assignment of error is overruled.
 {¶ 26} Judgment affirmed.
Walsh and Hendrickson, JJ., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.