OPINION
The defendant-appellant, Steven Schaefer ("appellant") appeals the property distribution determination made by the Mercer County Court of Common Pleas as part of the divorce action. Specifically, the appellant contends that the court erred in awarding the plaintiff-appellee/cross-appellant, Kelly Schaefer ("appellee"), one-half of the cash value of certain insurance policies, a babysitting credit, and spousal support. The appellee also appeals one aspect of the property distribution determination. The appellee contests the court's refusal to recognize the appreciation in certain partnership property owned by the appellant as marital property. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. The parties to this action were married on September 13, 1986. Four children were born as a result of this marriage. All four children are still minors. In August of 1980, prior to the marriage, the appellant and his brother, as partners, purchased 114.554 acres of farmland on land contract. The purchase price of the property was $387,569.00. Also prior to the marriage, the appellant purchased two insurance policies, insuring his parents. The parties made payments to these policies during the marriage.
The appellee filed for divorce on November 17, 1997 in the Mercer County Court of Common Pleas, Domestic Relations Division. A final hearing on the divorce was held on March 3, 1999 before the court's magistrate, with numerous stipulations agreed upon by the parties. The magistrate filed a decision on September 13, 1999. Objections to the Magistrate's Decision were filed by both parties, which the trial court overruled and filed a Decree of Divorce on September 18, 2000. It is from this decree that the appellant now appeals asserting three assignments of error. The appellee/cross-appellant has filed a cross-appeal in this matter, asserting two assignments of error.
Before addressing the merits of the parties' contentions, it is necessary to set forth the standard of review in this matter. When making a property award in a divorce action, a trial court had broad discretion. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. Thus, a trial court's determination in such cases will be upheld absent an abuse of discretion. Huener v. Huener (1996), 110 Ohio App.3d 322; Martin v.Martin (1985), 18 Ohio St.3d 292, 294. The term abuse of discretion suggests more than an error of law or judgment and indicates that the trial court's decision in unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. When reviewing such discretion, an appellate court must ascertain whether the disposition, as a whole, was an abuse of discretion. Briganti v. Briganti (1984),9 Ohio St.3d 220, 222. Absent an abuse of discretion, the trial court's judgment cannot be disturbed on appeal. Blakemore, 5 Ohio St.3d at 218.
 Appellant's First Assignment of Error
The trial court erred when it awarded the Plaintiff/Cross-Appellant one-half (1/2) of the cash value from certain insurance policies when said policies were purchased before the marriage and payments were made to the value of the insurance before the marriage and said payments should be considered the separate property of the Defendant/Appellant.
In his first assignment of error, the appellant contends that the trial court erred in awarding the appellee half of the cash value of certain insurance policies purchased prior to the marriage. For the following reasons, we disagree.
R.C. 3105.171(A)(3) defines marital property as follows.
 (i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both spouses during the marriage;
 (ii) All interest that either spouse currently has in any real estate or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both spouses during the marriage;
 (iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both spouses that occurred during the marriage.
The record in this matter reveals that the trial court classified the insurance policies in question as marital property. While, as the appellant contends, the policies were purchased prior to the marriage, payments were made throughout the marriage and the policies had appreciating cash values during the marriage. It cannot be said that the trial court abused its discretion by classifying the insurance policies marital property and dividing them accordingly. Thus, the appellant's first assignment of error is overruled.
 Appellant's Second Assignment of Error
The trial court erred in awarding baby-sitting credit of $100.00 per week to Plaintiff/Cross-Appellant when there was no evidence presented showing the cost of baby-sitting.
In his second assignment of error, the appellant argues that the trial court in awarding the appellee a baby-sitting credit. Again, we disagree.
When calculating the child support obligation of the parties, the trial court awarded the appellee a $100 per week babysitting credit. The evidence in this case reveals that the parties have four school-aged children. In order for the appellee to obtain work outside the home, babysitting services would be required for the children before and after school. The trial court found that this credit was reasonable based on the age of the children. We find that the trial court did not abuse its discretion in concluding such, and therefore the appellant's second assignment of error is overruled.
 Appellant's Third Assignment of Error
The trial court erred in awarding spousal support to Plaintiff/Cross-Appellant, as the Plaintiff/Cross-Appellant has more training and education than Defendant/Appellant, and has marketable skills at banking and nursing.
In his third assignment of error, the appellant contends that the trial court erred in awarding spousal support to the appellee. For the following reasons, we disagree.
It is well established that the trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120. Such an award will not be reversed unless a reviewing court, after considering the totality of the circumstances, finds that the trial court abused its discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64.
R.C. 3105.18(C)(1) sets forth the factors, which the trial court must consider in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support. The relevant factors include the following:
 (a) The income of the parties, including income derived from property divided;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
* * *
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because the party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties; including but not limited to any court-ordered payments by the parties;
* * *
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
In making an award of spousal support, the trial court must consider all of the relevant factors in R.C. 3105.18 then weigh the need for support against the ability to pay. Layne v. Layne (1992)83 Ohio App.3d 559. The resulting award must be fair, equitable and in accordance with the law. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93.
In the case sub judice, the court ordered the appellant to pay the appellee spousal support in the amount of $45.00 per week for two years. The record reflects that the court properly considered the factors set forth in R.C. 3105.18(C)(1). Specifically, the court noted that the appellant's earning ability, at the present time, far exceeds that of the appellee's. As the appellee has been the primary custodial parent of the children, she has not had the opportunity to further her education or gain substantial employment because of these responsibilities. Further, now that the children are of school age, the appellee will have the opportunity to complete her education and obtain work outside the home.
The appellant contends that simply because the appellee has more education than himself, the award of spousal support is an abuse of discretion. This contention is unfounded and contrary to the law governing the determination of spousal support. The relative education of the parties is just one factor, among many, that must be considered by the trial court. The record reveals that while the appellee had begun taking classes toward a nursing degree, she never completed the program and has not obtained a degree of any sorts. Furthermore, as noted by the trial court, the appellee left the job market and stopped taking classes when the parties began having children. She has been the primary caregiver for the couple's four minor children.
The record in this case clearly reveals that the trial court considered all the relevant factors as provided in R.C. 3105.18. The award of spousal support made by the trial court is fair and equitable given the totality of the circumstances. We fail to find that the trial court abused its discretion by awarding spousal support in this matter.
Accordingly, the appellant's third assignment of error is not well taken and is overruled.
 Appellee/Cross-Appellant's First Assignment of Error
The trial court abused its discretion in dividing marital property by failing to recognize as marital property of plaintiff-appellee/cross-appellant one-half (1/2) of the appreciation or increase in the value of marital equity in the real estate held by the defendant-appellant/cross-appellee, Steven R. Schaefer, in partnership with his brother.
 Appellee/Cross-Appellant's Second Assignment of Error
The trial court abused its discretion by failing to include its rationale and basis in the record for the award on one-half (1/2) of the increase in the value of the real estate held by defendant-appellant/cross-appellee, Steven R. Schaefer, in partnership with his brother as separate, and not marital property.
In her assignments of error, the appellee contends that the trial court erred by failing to recognize the appreciation of the value of the farmland as marital property. She also alleges that the trial court failed to set forth its rationale in so treating the property in question. For the following reasons, we find the appellee/cross-appellant's contentions unfounded.
The trial court classified the real estate in question as separate property of the appellant's. The evidence revealed that the farmland was bought by the appellant and his brother prior to the marriage. The trial court concluded from the evidence that at the time of the divorce, there was no marital equity in the property. As there was sufficient evidence presented to support this conclusion, it cannot be said that the trial court abused its discretion in classifying the farmland the separate property of the appellant.
Furthermore, the trial court did indicate the basis for its conclusion. After reviewing the evidence, the court concluded that the appellant used traceable separate property to create the equity in the real estate. This rationale was sufficiently set forth in the Magistrate's Decision which was approved, adopted and incorporated by reference in the Final Decree of Divorce. While it is true that the trial court did not reiterate the facts recited by the magistrate in support of its decision, we have previously held, that a trial court need not "parrot the magistrate's findings" as to the facts and issues involved. Reiter v. Reiter (1999), Hancock App. No. 5-98-32, unreported. The court must articulate the outcome and remedy in a judgment entry definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. Id. The judgment entry filed by the trial court in this matter meets the above standard. Accordingly, the appellee/cross-appellant's assignments of error are overruled.
Having found no error prejudicial to either the appellant/cross-appellee or the appellee/cross-appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court in its entirety.
 __________________ HADLEY, J.
 SHAW and BRYANT, JJ., concur.