DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas, Domestic Relations Division, involving the division of property in a final divorce decree. Because we conclude that the trial court did not err in its calculations or abuse its discretion, we affirm.
 {¶ 2} Appellant, Mary J. D. Wideman, and appellee, H. Giles Wideman, were married in 1993. No children were born as issue of the marriage. In 1999, the parties separated and filed for divorce. The parties stipulated that appellee's portion of the personal property and household goods was valued at $20,000 more than appellant's and that the marital portion of appellant's State Teachers Retirement System ("STRS") retirement account gained $6,000 more than appellee's STRS account. The parties also agreed that each would keep real estate owned separately and to be responsible for other debts solely designated in their own names. Appellee's Air Force pension was deemed pre-marital.
 {¶ 3} The magistrate then conducted a hearing as to the value of the marital residence located on River Road, Bowling Green, Ohio and appellant's Prudential account, as well as other issues. Appellee testified that prior to the marriage, he purchased land on River Road for $150,000. In 1992, appellant and appellee signed a mortgage loan of $200,000 to build a home on the property. At the bank closing, appellee supplied an additional $137,000 from his own assets as a down payment on the home. During construction of the home, appellee also contributed other pre-marital funds of $62,600. Appellee acknowledged providing financial assistance to his adult daughter and her children at various times during the marriage. He noted, however, that the daughter had reimbursed most, if not all, of these funds. Bank and checking account records were admitted into evidence in support of appellee's claims.
 {¶ 4} Appellant did not dispute the pre-marital amounts contributed to the marital residence as stated by appellee. She said she had also contributed pre-marital funds in a total amount of $8,064.17, liquidated from various pre-marital accounts. Appellant testified that she had contributed one-half of the monthly expenses, and believed she should be reimbursed for those contributions. She stated that she had contributed marital funds into a Prudential account containing $70,657. A joint exhibit valued the marital portion of this account at $48,648.32. Appellant requested that this fund be awarded to her alone, since appellee had chosen to give money to his daughter instead of investing.
 {¶ 5} Three appraisals were presented to the court regarding the River Road marital home. Louis Mineff, appellant's appraiser, valued the property at $640,000. Appellee's appraiser, Robert Hudson, presented a valuation of $402,000. By agreement of the parties, a third appraiser (mutually chosen by the first two appraisers), Richard Kusner, valued the property at $480,000.
 {¶ 6} The magistrate issued findings of fact and recommendations. Appellant filed 16 objections to the magistrate's decision; appellee raised 2 objections. Ultimately, the trial court divided the marital property equally as follows.
Wife Husband
Prudential Account $48,648.32 Personal Property $20,000.00 1998 Honda 17,875.00 1992 Dodge Caravan 5,250.00
STRS Pension gain 6,000.00
Subtotal $72,523.32 $25,250.00 Adjustment 23,636.66 +23,636.00
$48,886.66 $48,886.66
 {¶ 1} Appellee was ordered to pay appellant $6,820 reimbursement for her pre-marital contributions to the residence. Appellant was ordered to pay appellee $23,636 as an equitable distribution of the marital funds. As a net result, appellant owed appellee $16,816.66.
 {¶ 2} Appellant now appeals from that judgment, setting forth the following eight assignments of error:
 {¶ 3} "Assignment of Error Number One
 {¶ 4} "The Court's decision and order in rendering a division of property was inequitable to plaintiff (appellant) and constituted an abuse of discretion.
 {¶ 5} "Assignment of Error Number Two
 {¶ 6} "The court erred by not finding defendant (appellant) liable to plaintiff for financial misconduct.
 {¶ 7} "Assignment of Error Number Three
 {¶ 8} "The court did not provide in his decision a proper allocation and award for plaintiff's share of the marital value of the marital residence (on River Road in Bowling Green, Ohio).
 {¶ 9} "Assignment of Error Number Four
 {¶ 10} "The court erred in assigning a value to the marital residence in the amount of $480,000.00.
 {¶ 11} "Assignment of Error Number Five
 {¶ 12} "The court did not consider the differences in the parties' annual income over the course of the marriage in making a decision on the allocation of property rights.
 {¶ 13} "Assignment of Error Number Six
 {¶ 14} "The court did not properly incorporate the stipulations of the parties into his decision.
 {¶ 15} "Assignment of Error Number Seven
 {¶ 16} "The court did not properly allocate the entire Prudential account of plaintiff as separate property (being basically non-marital).
 {¶ 17} "Assignment of Error Number Eight
 {¶ 18} "The court erred in not permitting plaintiff's expert (Mr. Mineff) to render an opinion as to the value of the marital residence home (on River Road)."
 I. {¶ 19} We will address appellant's assignments of error out of order. In her fourth assignment of error, appellant contends that the trial court erred in valuing the River Road residence at $480,000. Appellant, in her eighth assignment of error, argues that the trial court erred in not permitting her appraiser to render an opinion as to the value of the River Road residence.
 {¶ 20} Trial courts have broad discretion in deciding appropriate property awards in divorce cases. See, e.g., Berish v. Berish (1982),69 Ohio St.2d 318, 319. Valuation is typically a factual issue left to the discretion of the trier of fact. Conti v. Christoff
 {¶ 21} (Oct. 2, 2001), Mahoning App. No. 99CA84, 99CA327; Hackerv. Hacker (1981), 5 Ohio App.3d 46, 47. "The common pleas court is not required to adopt the valuation of any witness, but is instead vested with wide discretion to determine the weight of the evidence and the credibility of witnesses." Murray Co. Marina, Inc. v. Erie Cty.Bd. Of Revision (1997), 123 Ohio App.3d 166, 172.
 {¶ 22} In this case, contrary to appellant's claim, the magistrate and the trial court did not prevent appellant's appraiser, Mineff, from giving his opinion as to the value of the home. We agree that the record does not support the court's conclusion that Mineff was not licensed. Nevertheless, the court still considered his opinion as to the value of the residence. The court primarily gave less weight to Mineff's valuation because he no longer does bank loan appraisals and was not familiar with the locations of comparable properties he utilized in his computations.
 {¶ 23} The court considered three appraisals with three valuations. Ultimately, the court chose the appraisal of $480,000, provided by Kusner, the appraiser chosen by the parties' two appraisers. Despite the misstatement of Mineff's license qualifications, we cannot say that the trial court abused its discretion in assigning the value of $480,000 to the River Road residence.
 {¶ 24} Accordingly, appellant's fourth and eighth assignments of error are not well-taken.
 II. {¶ 25} Appellant, in her third assignment, claims that the trial court did not properly allocate the values of non-marital contributions to the value of the River Road residence.
 {¶ 26} A trial court's division of marital property will not be reversed absent an abuse of discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 130; Martin v. Martin (1985), 18 Ohio St.3d 292,294-295. An appellate court reviews a trial court's classification of property as marital or separate under a manifest weight of the evidence standard. Fite v. Fite (Apr. 24, 2000), Brown App. No. CA99-07-022. Under the manifest weight standard, the factual findings of the trial court are reviewed to determine whether they are supported by competent, credible evidence. Id. The findings of a trial court will be upheld where the record contains some competent evidence to support those findings.Fletcher v. Fletcher (1994), 68 Ohio St.3d 464, 468.
 {¶ 27} R.C. 3105.171(A)(3)(a)(iii) provides that when either spouse makes a labor, money, or an in-kind contribution that causes an increase in the value of separate property, that increase in value is deemed marital property. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 400. However, the "commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the property is not traceable." R.C. 3105.171(A)(6)(b).
 {¶ 28} A party seeking to establish a portion of an asset as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Peck v. Peck (1994),96 Ohio App.3d 731, 734.
 {¶ 29} In the present case, the trial court reduced the appraised value of the residence ($480,000) by the current mortgage amount owed ($177,500) leaving a net equity amount of $302,500. The court then calculated each party's pro-rata share of this equity by using the undisputed pre-marital contributions of the parties (appellant-$8,064 and appellee-$349,600). Pursuant to these calculations, appellant was appropriately awarded $6,820 in recoupment of her pre-marital contributions.
 {¶ 30} Appellant claims, however, that her pre-marital contribution was actually $97,000. In support of this figure, appellant points to her monthly payments of one-half of the utilities, mortgage payments, and other expenses associated with maintenance of the residence incurred after the parties were married. Although her payments may have helped to reduce the mortgage, these payments are not considered non-marital contributions. Appellee was also making the same one-half payments. In other words, appellant's payments either became marital contributions and are accounted for as part of the equity in the residence or are, at the least, offset by appellee's equal contributions. Therefore, we cannot say that the trial court's award was either against the manifest weight of the evidence in determining the proportional amounts of pre-marital values or an abuse of discretion in its allocation of the award to appellant for her pre-marital contributions.
 {¶ 31} Accordingly, appellant's third assignment of error is not well-taken.
 III. {¶ 32} Appellant, in her second assignment of error, contends that the trial court erred in failing to find that appellee had committed financial misconduct by providing financial assistance to his daughter.
 {¶ 33} R.C. 3105.171(E)(3) provides:
 {¶ 34} "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." Financial misconduct implies some type of wrongdoing in that the offending spouse will either profit from the misconduct or intentionally defeat the other spouse's distribution of marital assets. Kita v. Kita (Nov. 24, 1999), Summit App. No. 19256;Hammond v. Brown (Sept. 14, 1995), Cuyahoga App. No. 67268.
 {¶ 35} For example, diminution of the marital estate during pendency of the divorce action might create an inference of misconduct. See, e.g., Spychalski v. Spychalski (1992), 80 Ohio App.3d 10
(dissipation of wrongful death settlement obtained while the parties divorce complaint was pending); Hamblin v. Hamblin (Oct. 18, 1993), Butler App. Nos. CA93-03-044 and CA93-03-048 (buying a new truck and redeeming life insurance policy contrary to restraining order). Also, the dissipation of marital assets during a period of permanent separation could be considered financial misconduct. See, e.g., Babka v. Babka
(1992), 83 Ohio App.3d 428 (account liquidated just prior to the parties' divorce); Gray v. Gray (Dec. 8, 1994), Cuyahoga App. No. 66565 (transferring or withdrawing funds during separation period in order to conceal them from the other spouse); Lott v. Lott (Sept. 30, 1993), Cuyahoga App. No. 63854 (selling rental property in direct contravention of pending restraining order).
 {¶ 36} In this case, there are no allegations that the appellee personally profited from his actions or engaged in misconduct solely to defeat the wife's interest. While appellant may have disapproved of appellee's financial assistance to his daughter, as the trial court noted, appellee did not hide his actions or the funds. The trial court declined to search the lengthy and confusing transcript for specific facts in support of appellant's objections. Nevertheless, even after our complete and thorough reading of the record, we fail to find any facts which support a finding of financial misconduct by appellee. Therefore, we cannot say that the trial court abused its discretion in failing to find that appellee committed financial misconduct.
 {¶ 37} Accordingly, appellant's second assignment of error is not well-taken.
 IV. {¶ 38} Appellant, in her sixth assignment of error, argues that the trial court did not properly incorporate the parties' stipulations into the judgment entry. Specifically, appellant contends that the court failed to include in its calculations the stipulations that appellant receive a $10,000 credit as to the household items and that appellee receive a $3,000 credit due to the greater growth of appellant's retirement fund.
 {¶ 39} In this case, the trial court did, in fact, include the values of the items involved in its calculations and division of the marital property. The total marital value of these items, $20,000 as to appellee's household goods and $6,000 as to appellant's STRS gains, were added and then adjusted for in the final equal distribution. Therefore, both parties were properly credited for the stipulations as to the household items and the STRS gain.
 {¶ 40} Accordingly, appellant's sixth assignment of error is not well-taken.
 V. {¶ 41} We will address appellant's remaining assignments of error together. Appellant, in her first assignment of error, argues that the trial court's division and award of marital assets was inequitable. In her fifth assignment of error, appellant contends that the trial court failed to consider the differences in the parties' annual incomes during the marriage. Appellant in her seventh assignment of error, claims that the trial court erred in including appellant's entire Prudential account in the property division, rather than only the alleged marital portion.
 {¶ 42} R.C. 3105.171(F) sets out several factors to be considered when dividing marital assets, including but not limited to: duration of the marriage; assets and liabilities of the parties; liquidity of the property to be distributed; tax consequences; any division or disbursement of property made in a separation agreement voluntarily entered into by the spouse; and any other factors which the court finds relevant and equitable. R.C. 3105.171(C)(1) mandates that a trial court make an equal distribution of marital property unless the division would be inequitable. In such an instance, the court may make an equitable division, but must provide reasons for the variance. Huener v. Huener
(1996), 110 Ohio App.3d 322, 324.
 {¶ 43} When making a property award in a divorce action, a trial court has broad discretion. Berish v. Berish (1982), 69 Ohio St.2d 318,319. Thus, a trial court's determination in such cases will be upheld absent an abuse of discretion. Huener, supra; Martin v. Martin (1985),18 Ohio St.3d 292, 294. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When reviewing such discretion, an appellate court must ascertain whether the disposition, as a whole, was an abuse of discretion. Briganti v. Briganti (1984), 9 Ohio St.3d 220,222.
 {¶ 44} In this case, the marital value of the Prudential account was determined by a joint exhibit showing that prior to the marriage, the account contained $12,715.55. Appellant made marital contributions of $39,895, and by February 1999 (the date of the parties' separation), the account contained $70,657. In the joint exhibit, an accountant provided an opinion that $48,648.32 was the marital portion. The marital value assigned to the fund by the court, was, in fact the same value presented by the parties' joint exhibit. Therefore, appellant's claims as to the wrong initial valuation of the Prudential account are without merit.
 {¶ 45} In reviewing the overall property division, we note that the trial court followed the statutory guidelines and divided the property equally. Appellant suggests that since appellee makes more money than she does, the trial court should have taken this into account. We can find nothing in the record that would support such an award. In fact, the record demonstrates that appellee actually contributed more money, both marital and non-marital (including a monthly non-marital pension) to expenses of the residence and the marriage than appellant contributed. Consequently, we cannot say that the trial court abused its discretion in calculating and dividing the marital property.
 {¶ 46} Accordingly, appellant's first, fifth, and seventh assignments of error are not well-taken. All pending motions are hereby rendered moot.
 {¶ 47} The judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., Arlene Singer, J. JUDGE, CONCUR.